# Wm. B. B. Johnson, Appellant, *v.* Philadelphia & Reading R. R.

|163 127|
|164 532|
|163 127|
|167 522|
163      127
27 SC   158|

*Pleading—Evidence—Release—Trespass—Negligence.*

In an action of trespass to recover damages for personal injuries, a release of damages given by the plaintiff to the defendant is admissible under the plea of not guilty.

*Beneficial associations—Insurance—Application attached to policy—Act of May* 11, 1881.

The act of May 11, 1881, P. L. 20, requiring copies of the applications for insurance to be attached to the policies, does not apply to beneficial associations.

*Contract—Public policy—Railroad employees' relief association—Railroad—Contract against negligence.*

Where a railroad company has contributed to the funds of a relief association composed of its employees, an agreement by a member of the association that the acceptance of benefits from the relief fund " for injury or death shall operate as a release of all claims for damages against said company," is not contrary to public policy, and does not violate the rule that a common carrier cannot make a valid contract against his own negligence.

In such a case there is no waiver of any right of action that the person injured may thereafter be entitled to.   It is not the signing of the contract

but the acceptance of benefits after the accident that constitutes the release. The injured party therefore is not stipulating for the future, but settling for the past; he is not agreeing to exempt the company from liability for negligence, but accepting compensation for an injury already caused thereby.

Argued April 6, 1894. Appeal, No. 363, Jan. T., 1894, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1891, No. 387, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Trespass for personal injuries. Before PENNYPACKER, J.

At the trial it appeared that plaintiff was a brakeman employed by defendant, and that he was injured on Aug. 28, 1891, while in the performance of his duties. On June 13, 1891, plaintiff applied for membership in the Philadelphia & Reading Relief Association. This association was composed of employees of defendant railroad, and its funds were made up by the joint contributions of the railroad company and the company's employees.

The material portions of the application are as follows :

" I, William B. B. Johnson, of Philadelphia, in the county of Philadelphia and state of Pennsylvania, employed in the service of the Philadelphia & Reading Railroad Company as brakeman on the main line division, do hereby, by reason of such employment, apply for membership in the relief association, and consent and agree to be bound by the regulations of the relief association, as contained in the book of said regulations, approved by the advisory committee, which I have read or have had read to me, and by any other regulations of the said association hereafter adopted. . . .

" And in consideration of the contribution to be made by the Philadelphia & Reading Railroad Company to the funds of the association, I agree that the acceptance of benefits from the said relief fund for injury or death shall operate as a release of all claims for damages against said company, my employer, arising from such injury or death, which could be made by or through me, and that I or my legal representatives will execute, or, where necessary, procure to be executed by others, such further instrument as may be necessary formally to evidence such acquittance.

" I also agree that this application, when approved by the superintendent of the relief association, shall make me a member of the relief association, and constitute a contract. between myself and the said company, my employer, and that the terms of this application and the regulations of said association shall, during my membership, be a part of the conditions of my. employment by the company, and the same shall not be avoided by any change in the character of my service," etc.

Defendant, under separate offers, offered the application for membership, and the vouchers showing payments made by the association to plaintiff, and the book of membership in the relief association. It appearing that the plea was " not guilty " and that no notice of the proposal to introduce special matter had been given, plaintiff objected to such offer as made. Objections overruled, evidence received and exceptions. [1–5, 7]

The court also admitted under objection and exception evidence as to contributions amounting to some $100,000 made by the railroad company to the relief fund. [6]

Plaintiff offered to prove that the day he was employed he was asked to sign some papers relating to his health, etc., with a request to hurry up as the officer of the company was in a hurry to go away and many others were waiting for employment. Nothing was said about a relief association and he did not know he had signed such paper or that there were any rules or regulations. Objected to that he had signed the contract and received benefits under it. The court excluded the offer on the ground that there was no clear evidence of fraud and there was apparently a subsequent ratification. Exception. [8]

Rule XXXI, § 126c, Rules of Court, p. 128, is as follows :

" Any defence, legal or equitable, that might heretofore have been specially pleaded, or given in evidence under equitable pleas, shall be admissible under the plea of the general issue, upon notice given at least ten days before the day set for trial. Such notice of special matters of defence shall contain a specific averment of facts sufficient to constitute a good legal or equitable defence. Copies of such notice shall be filed of record, and also served on the plaintiff or his attorney aforesaid, at least ten days before the day set for trial. In default of such notice the defence shall be confined to matters strictly admissible under the plea filed."

The charge of the court was as follows:

"In this case I am asked by the counsel for the defendant to instruct the jury: 'That under all the evidence the plaintiff cannot recover.' That brings up a question which it is necessary for the court to meet, and, under my view of the contract in evidence, there is a release by the plaintiff of his claim, which is a bar to his recovery, even if there was negligence proved on the part of the defendant.

" [This is a contract or an arrangement for the raising of a fund providing for benefits in the case of injury or death of the employees resulting from accident, and it would seem upon the face of it a contract which is beneficial to the employee. In most of the cases which arise the employee cannot recover, because of the fact that he accepts the risks of the employment, or because of the fact that an accident had arisen from the negligence of a co-employee. There is no such distinction drawn in the agreement which is here made, but the benefits are benefits which are conferred upon those who are subjected to an accident in whatever way it may occur. The contract provides that it shall be an agreement between the employee and the company; and it appears, from the evidence in this case, that it has been accepted by the company, because they have paid into the fund of the relief association a sum amounting to $100,000. There is a provision in the agreement that it shall operate as a release of all claim of damages against the said company. It provides that: 'I agree that acceptance of benefits from said relief fund for injury or death shall operate as a release of all claims of damages against the company.' It appears, therefore, that it is not a release in all cases upon its terms, but that what constitutes a release, according to the contract between the parties, is the acceptance of the benefits after the injury has occurred. Now that, assuredly, is of great advantage to the employee, because it permits him, after he knows the extent of his injury and the manner in which it has occurred, to say whether or not he will take the benefits provided for by the contract, or whether he will rest upon his right to sue and claim damages for negligence. I cannot see that it is any different from a compromise of a case made between the parties, since it gives the employee the right to determine his course of conduct after he has ascertained the

extent of his injuries.] [9]   Nor do I see that it offends against any principle of the law.   It is contended that the contract is one that is ultra vires, one that the railroad company has no authority, under the terms of its charter, to make.   That question would arise upon a suit to enforce the contract, but I do not think it arises in the case of an executed contract between the parties.   It would certainly be a great hardship to say, after a man had received what was coming to him under the terms of the contract, and is called upon to meet its requirement with respect to the other side, that it was ultra vires. For this reason I do not think that principle is involved in this case.

" I, therefore, shall have to instruct the jury in accordance with request of that point.   [Gentlemen of the jury, in this case your verdict will be for the defendant.] " [10]

Verdict and judgment for defendant.   Plaintiff appealed.

. *Errors assigned* were (1–8) rulings; (9, 10) instructions; quoting instructions and bills of exceptions, and quoting and referring to evidence.

*William W. Smithers,* for appellant.—The application was not admissible under the pleadings: Rules of Court, p. 128; Johnson v. Kerr, 1 S. & R. 25; Ogden v. Lukens, 27 W. N. 258.

The application was inadmissible because in form it did not comply with the act of May 11, 1881, § 1, P. L. 20; Ins. Co. v. Dunham, 417 Pa. 460; Hebb v. Ins. Co., 138 Pa. 174; Title Co. v. Ins. Co., 132 Pa. 385; Pickett v. Ins. Co., 144 Pa. 79; · Hendel v. Assn., 2 Dist. R. 116; Conductors' Mut. Aid and Ben. Assn. v. Robinson, 35 N. E. R. 168; Assn. v. Musser, 120 Pa. 384.

The application was inadmissible because there was no consideration to constitute it a valid contract in law between plaintiff and defendant.

The application was inadmissible because by its terms it was not intended to apply to the case on trial: Wood on M. & S. 792; Atwood v. Trans. Co., 9 Watts, 87; McCombs v. R. R., 130 Pa. 182; R. R. v. Huber, 128 Pa. 63; R. R. v. Zink, 126 Pa. 289; Clarke v. Holmes, 7 H. & N. 944.

The application was inadmissible because as a contract it was against public policy: Ray's Contr'l Lim. 2; Whart. Neg. § 199 and n. 3; Thomp. Neg., p. 1025; R. R. v. Baldauf, 16 Pa. 67; Rose v. R. R., 39 Iowa, 246; Atwood v. Transp. Co., 9 Watts, 87; R. R. v. Raiordon, 119 Pa. 577; Forepaugh v. R. R., 128 Pa. 217; Jacobus v. Ry., 1 Cent. L. J. 374; Crew v. Bradstreet, 134 Pa. 161; Cooley's Torts, p. 687; R. R. v. Jones, 2 Head, 517; O'Neil v. Iron Co., 30 N. W. R. 688; Johnson v. R. R., 8 Ry. & C. L. J. 312; Roesner v. Hermann, 10 Bissell, 486; R. R. v. Payne, 29 Kans. 169; R. R. v. Spangler, 44 Ohio, 471; R. R. v. Eubanks, 3 S. W. R. 808.

The following cases, Griffiths v. Earl of Dudley, 9 Q. B. Div. 357; R. R. v. Bishop, 50 Ga. 465; R. R. v. Strong, 52 Ga. 461; Hendricks v. R. R., 52 Pa. 467; Galloway v. R. R., 57 Ga. 467, contra, stand alone, and have been repudiated in the preceding cases. The Georgia cases are criticised in Thompson on Neg., p. 1025.

Plaintiff's offer as to circumstances of signing application should have been received: R. R. v. Welsh, 52 Ill. 183; Schultz v. R. R., 44 Wis. 638; Butler v. Regents, 32 Wis. 124; O'Neill v. Iron Co., 130 N. W. R. 688.

*Gavin W. Hart*, for appellee.—The plea in an action of trespass on the case was usually the general issue, and under it, with few exceptions, any matter might be given in evidence except the statute of limitations: 1 T. & H. Pr. § 543; 2 Ib. § 1557; Bird v. Randall, 3 Burr. 1353; Greenwalt v. Horner, 6 S. & R. 71; Lyon v. Marclay, 1 Watts, 271.

The act of 1881 refers to policies of insurance issued by insurance companies, and has no application to beneficial societies: Fuller v. B. & O. R. Assn., 67 Md. 433; Com. v. Ben. Assn., 25 W. N. C. 347.

The contribution by the railroad company was a good consideration for the contract made with them.

The contract was not against public policy: Com. v. Ben. Assn., 25 W. N. 347; R. R. v. Bishop, 50 Ga. 465; Graft v. R. R., 8 Atl. R. 206; Owens v. R. R., 35 Fed. R. 715; Griffiths v. Earl of Dudley, L. R. 9 Q. B. Div. 357; R. R. v. Bishop, 50 Ga. 465.

OPINION BY Mr. JUSTICE MITCHELL, July 12, 1894.

The release was admissible under the plea of not guilty. By the strict letter of the Procedure Act of 1887 " the only plea in the action of trespass shall be not guilty," though the pleadings are to be "subject to the rules of the respective courts as to notice of special matter." The rule of the court below prescribes that defences previously pleaded specially or given in evidence under equitable pleas, shall be admissible under the general issue upon notice given ten days prior to the trial. This court does not interfere with the interpretation by the lower courts of their own rules, except in cases of plain mistake which has inflicted substantial injury on the party complaining. But here we see no error. The present action in its nature is trespass on the case, and the legislature, in an effort, however misdirected, to get rid of technical distinctions by calling all actions ex delicto trespass, and limiting the plea to not guilty, certainly did not mean to tie them all down to the technical restrictions of that plea in that action at common law. In actions on the case a release was admissible in evidence without being pleaded: 1 Chitty, Plead. 491 e; Greenwalt v. Horner, 6 S. & R. 71.

The further objection that the release was not admissible because in form it did not comply with the act of May 11, 1881, P. L. 20, requiring copies of the application etc. to be attached to the policy, is sufficiently answered by the consideration that that act applies only to policies issued by insurance companies, and the relief association is not an insurance company but a beneficial association, Com. v. Equitable Asso., 137 Pa. 412; N. W. Masonic Asso. v. Jones, 154 Pa. 99; nor does it issue insurance policies.

It is further objected, and this is the only substantial question in the case, that the release was void as against public policy, and a number of cases are cited to show that a common carrier cannot make a valid contract against his own negligence. It was quite unnecessary to go out of our own state for authority on that proposition; it is not questioned here any more than elsewhere, but it is wide of the point in this case. There is no provision exempting the company from liability for future negligence. The benefits, by the regulations of the relief association, become due to members whenever disabled by accident

in the railroad company's service, or by sickness or injury other than in the company's service, without reference to the question of negligence at all. As these provisions include benefits in cases of accident pure and simple, of injury by the negligence of fellow workmen, and by the member's own contributory negligence, it is apparent that they cover a wide field in which there is no liability of the railroad company at all. Such cases are probably a large majority of those occurring to railroad employees, and the association therefore is of the highest order of beneficial societies. But even in cases of injury through the company's negligence there is no waiver of any right of action that the person injured may thereafter be entitled to. It is not the signing of the contract but the acceptance of benefits after the accident that constitutes the release. The injured party therefore is not stipulating for the future, but settling for the past; he is not agreeing to exempt the company from liability for negligence, but accepting compensation for an injury already caused thereby. He may as well accept it in installments as in a single sum, and from an appointed fund to which the company has contributed, as from the company's treasury as a result of litigation. The substantial feature of the contract which distinguishes it from those held void as against public policy is that the party retains whatever right of action he may have until after knowledge of all the facts, and an opportunity to make his choice between the sure benefits of the association or the chances of litigation. Having accepted the former he cannot justly ask the latter in addition. This feature of the case brings it on all fours with Graft v. R. R. Co., 8 Atlantic Rep. 206, where a release under similar circumstances was held to be a conclusive bar. There is no public policy which the contract can be said to transgress.

Judgment affirmed.