## George E. Ringle *v.* Penna. R. R., Appellant.

164　529
f39SC⁴ 98

*Contract—Public policy—Railroad employees' relief association.*

A contract between employer and employee which preserves to the latter all his rights of action, in case of negligence, until after the facts have occurred and are known to him, is not against public policy. In such a case it is not the signing of the release, but the acceptance of benefits after the accident, that constitutes the release.

Where such a contract provides that the employee shall "execute such further instrument as may be necessary formally to evidence such acquittance," and the employee has accepted benefits, the employer is released, although the employee has executed no further instrument.

Where an employee of a railroad company has become a member of a relief association, and has agreed that the acceptance of benefits from the relief fund for injury or death shall operate as a release against the railroad company, and it appears that the railroad company has assumed the obligation to take charge of the administration of the association, to pay all its operating expenses, to take care of its funds, and to be responsible for their safe keeping, to guarantee the obligations of the association, and to make appropriations to supply any deficiencies, the consideration, to support the release, is sufficient.

*Practice, C. P.—Reservation of questions of law.*

There can be no reservation of a question of law in favor of the plaintiff. The verdict must be for the plaintiff with authority to enter judgment for defendant against the verdict. If that authority is not exercised the reservation drops out of the case altogether, and judgment is entered for plaintiff not on the point reserved but on the verdict, as if there had been no reservation at all.

Argued Oct. 2, 1894. Appeal, No. 27, Oct. T., 1891, by defendant, from judgment of C. P. Westmoreland Co., May T., 1887, No. 424, on question reserved for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

VOL. CXLIV—34

Trespass for personal injuries.	Before DOTY, P. J.

At the trial it appeared that plaintiff was a freight conductor on the West Penn Division of the Pennsylvania Railroad, and that, on March 19, 1890, he was injured by his train running into a slide of land upon the railroad track.

On July 21, 1886, plaintiff signed an application to the relief department of the Pennsylvania Railroad Company, which, on July 31, 1886, was approved by the assistant superintendent of this department.	He continued in good standing up until the time of his accident.	One stipulation of this contract is as follows:

" And I agree that the acceptance of benefits from the said relief fund for injury or death shall operate as a release of all claims for damages against said company arising from such injury or death, which could be made by or through me, and that I or my legal representatives will execute such further instruments as may be necessary formally to evidence such acquittance."

On April 16, 1890, plaintiff received his first payment from the relief department, amounting to $12.00, by reason of his injuries received on March 19th, prior.	On May 12th, following, he received a payment of $30.00, and each month thereafter received payment at the rate of one dollar per day until April 7, 1891, at which time the amount of benefits was reduced to one half dollar per day, and he thereafter continued to receive from the said relief department payments at the rate of one half dollar per day until Jan. 18, 1892.

Plaintiff brought this action Dec. 22, 1891.

Defendant's points were as follows:

" 1. Under all the evidence and the law we instruct you to return a verdict in favor of the defendant.	Answer: We decline to give such instructions at this stage of the case, and as already indicated submit the matter to you to pass upon the questions of fact, but we shall reserve the question subsequently arising in this proposition, whether under the whole case the plaintiff is entitled to recover, and, as we have already said, whatever may be your verdict it will be subject to this question of law reserved." [1]

" 2. The evidence being undisputed that the plaintiff became a member of the relief department by agreement dated July 21,

1886, and that the plaintiff received benefits under said relief certificate for a year and nine months, in which certificate plaintiff agreed that the acceptance of benefits from said relief fund should operate as a release for all claims for damage against the defendant company, we instruct you to return a verdict in favor of the defendant. *Answer :* The evidence is undisputed as recited in this proposition, and the facts are correctly stated as we understand them, and the question which is reserved, as we have stated in your hearing, is a question of law for further consideration. We shall determine hereafter whether or not these facts operate to divest the plaintiff's action." [2]

Plaintiff's point was among others as follows :

" 5. We instruct you that the alleged release presented by the defendant is void for want of consideration, and is against public policy, and will be disregarded by you. *Answer :* We reserve this proposition as a question of law for the further consideration of the court." [3]

Verdict for plaintiff for $8,750, reduced by the court to $4,850. The court subsequently entered judgment for plaintiff on the questions of law reserved.

*Errors assigned* were, (1–3) instructions; (4) reservation contained in 2d point; (5) entry of judgment for plaintiff; (6) refusal to enter judgment for defendant; quoting points, answers and decree.

*Paul H. Gaither, J. A. Marchand* with him, for appellant, cited, on the question of release: Leas v. R. R., Appellate Court of Indiana, May 8, 1894, unreported ; Graft v. R. R., 8 Atl. R. 206.

*E. E. Robins, John E. Kunkle* and *John P. Elkins* with him, for appellee, cited, on the question of release: R. R. v. Butler, 57 Pa. 337 ; Goldey v. R. R., 30 Pa. 242; Powell v. R. R., 32 Pa. 414 ; O'Donnell v. R. R., 59 Pa. 250 ; R. R. v. Henderson, 51 Pa. 315 ; R. R. v. Chenewith, 52 Pa. 382; Farnham v. R. R., 55 Pa. 62 ; Wood on Railroads, p. 1765, § 387 ; R. R. v. Spangler, 44 Ohio, 471; 58 Am. R. 833; 28 Am. & E. R. R. Cas. 319 ; R. R. v. Lockwood, 17 Wall. 357 ; Ry. v. Peavey, 29 Kans. 169; s. c., 11 Am. & Eng. R. R. Cas. 128 ; Patter-

son on Ry. Accident Law, § 302 ; Lewis v. Seifert, 116 Pa. 628 ,
R. R. v. Welch, 52 Ill. 183; R. R. v. Doyle, 18 Kans. 58;
Wallace v. R. R., 67 Iowa, 547 ; Schultz v. R. R., 44 Wis. 638 ;
O'Neil v. Iron Co., 63 Mich. 692 ; Kennerty v. Phosphate Co.,
17 S. C. R. 411 ; s. c., 43 Am. R. 607 ; Tomkins v. R. R., 66
Cal. 163 ; Carlton v. R. R., 81 Ga. 531 ; Sobieski v. R. R., 41
Minn. 169 ; Purdy v. R. R., 52 Hun, 267 ; Peterson v. R. R.,
36 Minn. 399 ; Packet Co. v. Defries, 94 Ill. 598 ; R. R. v.
Mills, 105 Ill. 63.

OPINION BY MR. JUSTICE MITCHELL, Nov. 5, 1894 :

This case is ruled by Johnson v. R. R. Co., 163 Pa. 127.
The essential principle therein established is that a contract
between employer and employee which preserves to the latter
all his rights of action, in case of negligence, until after the
facts have occurred and are known to him, is not against pub-
lic policy. " There is no waiver of any right of action that
the person injured may thereafter be entitled to. It is not the
signing of the contract but the acceptance of benefits after the
accident that constitutes the release. The injured party there-
fore is not stipulating for the future, but settling for the past ;
he is not agreeing to exempt the company from liability for
negligence, but accepting compensation for an injury already
caused thereby." Id. 134.

The facts of that case and this are not materially different.
In both the agreement is that the acceptance of benefits, of
course after the accident, shall operate as a release. In the
present case there is an additional agreement that the plaintiff
shall " execute such further instrument as may be necessary
formally to evidence such acquittance," and it is argued that
no such release has been executed by plaintiff. But it is not
necessary that it should be. The acceptance of benefits is the
substance of the release, and the agreement for a further in-
strument is by its express terms a mere formality for conven-
ience of evidence.

It is further argued that as the contract is between the re-
lief association and the plaintiff and no evidence that the rail-
road company defendant has in fact paid anything into the
treasury of the association there is no consideration to support
a release to the railroad company. It is not however worth

while to discuss whether the defendant is in position to take advantage of a consideration moving from another party but for its benefit, as the consideration from the defendant itself is abundant. As a member of the association it has assumed obligations to take charge of the administration, and to pay all the operating expenses, to take care of the funds and to be responsible for their safe keeping, to guarantee the obligations of the association, and to make appropriations to supply any deficiencies. These would be ample even if the amount of the consideration could be inquired into.

The release being a complete bar to plaintiff's right of action it is not necessary to consider the evidence of negligence.

As a matter of practice it may be well to notice an irregularity in the form of the judgment. A point reserved is an authority to the court to enter judgment for the defendant non obstante veredicto. There can be no reservation in favor of the plaintiff, the verdict must be for ·him, with authority to enter judgment for the defendant against the verdict. Robinson v. Myers, 67 Pa. 9; State Bank v. McCoy, 69 Pa. 204; Morris v. Ziegler, 71 Pa. 450; Glading v. Frick, 88 Pa. 460; Hosler v. Hursh, 151 Pa. 415. If that authority is not exercised the reservation drops out of the case altogether, and judgment is entered for plaintiff not on the point reserved but on the verdict, as if there had been no reservation at all.

Judgment reversed and judgment entered for defendant on the point reserved.