# Jack, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Relief department—Former judgment.*

A widow who as administratrix of her deceased husband recovers a judgment in New Jersey against a railroad company for the negligent killing of her husband, and collects such judgment, is precluded from bringing an action in Pennsylvania as beneficiary under a certificate of membership of her husband in the relief department of the railroad company, where the regulations of the relief department provide that a judgment in a suit for damages against the company shall preclude any claim upon the relief fund for benefits on account of injury or death.

Argued Dec. 17, 1909. Appeal, No. 253, Oct. T., 1909, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1907, No. 2,686, discharging rule for judgment for want

of a sufficient affidavit of defense in case of Margaret M. Jack v. Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover death benefits.

The averments of the statement of claim and affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Horace M. Rumsey,* with him *Bleakly & Stockwell,* for appellant.—The contract and release are insufficient in law to bar recovery by plaintiff: Goldey v. Penna. R. R. Co., 30 Pa. 242; Penna. R. R. Co. v. Henderson, 51 Pa. 315; Penna. R. R. Co. v. Butler, 57 Pa. 335; Grogan v. Express Co., 114 Pa. 523; Burnett v. R. R. Co., 176 Pa. 45; Hughes v. R. R. Co., 202 Pa. 222; N. Y. Cent. R. R. Co. v. Lockwood, 84 U. S. 357; Penna. R. R. Co. v. Hughes, 191 U. S. 477 (24 Sup. Ct. Repr. 132).

The plaintiff cannot be deprived of her right of recovery by reason of the alleged release: Chicago, etc., Ry. Co. v. Healy, 76 Neb. 783 (107 N. W. Repr. 1005); Boulden v. R. R. Co., 205 Pa. 264; Kober's Est., 17 Pa. Dist. Rep. 184; McKeering v. R. R. Co., 65 N. J. Law Repr. 57 (46 Atl. Repr. 715); Cowen v. Ray, 108 Fed. Repr. 320.

*John Hampton Barnes,* for appellee.—The contract made by the decedent in his lifetime with the defendant was not against public policy, but was valid: Johnson v. P. & R. R. R. Co., 163 Pa. 127; Ringle v. Penna. R. R. Co., 164 Pa. 529.

There does not appear to be reported any Pennsylvania case in which the facts were exactly similar to those disclosed by this record. It has been held in this state

that a person who accepts benefits cannot maintain an action for personal injuries: Johnson v. P. & R. R. R. Co., 163 Pa. 127; Ringle v. Penna. R. R. Co., 164 Pa. 529; Boulden v. R. R. Co., 205 Pa. 264; Oyster v. Burlington Relief Dept., 65 Neb. 789 (91 N. W. Repr. 699); Donald v. C., B. & Q. Ry. Co., 93 Iowa, 284 (61 N. W. Repr. 971); Fuller v. B. & O. Employees' Relief Association, 67 Maryland, 433 (10 Atl. Repr. 237).

OPINION BY MORRISON, J., July 20, 1910:

The plaintiff, Margaret M. Jack, is the widow of William C. Jack who was an employee of the defendant railroad company at the time of his death on February 9, 1906. On July 13, 1906, the plaintiff, as administratrix of the estate of William C. Jack, deceased, brought an action against the West Jersey & Seashore Railroad Company in the Circuit Court of Camden county, New Jersey, to recover damages for the death of the said William C. Jack, and judgment was recovered by her in said suit on December 7, 1906, for $7,500 which has since been paid to said administratrix by said railroad company.

On October 17, 1907, the said Margaret M. Jack brought the present suit against the Pennsylvania Railroad Company for $500 for death benefits alleged to be due her as the beneficiary of the said William C. Jack under a certificate of membership in the Pennsylvania Railroad Voluntary Relief Department, a beneficial organization maintained by the said Pennsylvania Railroad Company, which embraces in its system the West Jersey & Seashore Railroad Company, for the benefit of its employees, in accordance with certain rules and regulations of said relief department.

The plaintiff's right to recover in this suit would hardly be questioned if she had not brought the former action and recovered and collected the said judgment of $7,500. One of the regulations governing the Pennsylvania Railroad Voluntary Relief Department is the following:

"58. Should a member or his legal representative make claim, or bring suit, against the company, or against any other corporation which may be at the time associated therewith in

administration of the Relief Departments, in accordance with the terms set forth in Regulation No. 6 for damages on account of injury or death of such member, payment of benefits from the Relief Fund on account of the same, shall not be made, until such claim shall be withdrawn or suit discontinued. Any compromise of such claim or suit, or judgment in such suit, shall preclude any claim upon the Relief Fund for benefits on account of such injury or death, and the acceptance of benefits from the Relief Fund by a member or his beneficiary or beneficiaries, on account of injury or death, shall operate as a release and satisfaction of all claims against the company and any and all of the corporations associated therewith in the administration of their Relief Departments, for damages arising from such injury or death."

The defendant in its affidavit of defense in the present case set forth the above regulation and alleged that the recovery by Margaret M. Jack, administratrix, of $7,500 from the West Jersey & Seashore Railroad Company, as damages on account of the death of William C. Jack, precluded a suit by her in her individual capacity as beneficiary named in the application of the decedent to the Pennsylvania Railroad Voluntary Relief Department, and that on account of this suit and recovery therein, the plaintiff was not entitled to recover the said sum of $500. The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense, and on January 11, 1909, the court below made the following order:

"We are of opinion that this case is ruled by the case of Johnson v. Phila. & Reading Railroad Company, 163 Pa. 127. The rule for judgment is therefore discharged."

The assignments of error simply allege reversible error based on this order.

It must be conceded that if said rule 58 is enforceable as to all of its provisions, the court below did not err in discharging the rule for judgment. The Johnson case cited by the court expressly decided, as stated in the syllabus:

"Where a railroad company has contributed to the funds of a relief association composed of its employees, an agreement

by a member of the association that the acceptance of benefits from the relief fund 'for injury or death shall operate as a release of all claims for damages against said company,' is not contrary to public policy, and does not violate the rule that a common carrier cannot make a valid contract against his own negligence. In such a case there is no waiver of any right of action that the person injured may thereafter be entitled to. It is not the signing of the contract but the acceptance of benefits after the accident that constitutes the release. The injured party therefore is not stipulating for the future, but settling for the past; he is not agreeing to exempt the company from liability for negligence, but accepting compensation for an injury already caused thereby."

That case was followed by Ringle v. Penna. R. R. Co., 164 Pa. 529, where the same doctrine is recognized and enforced in an opinion by Mr. Justice MITCHELL. The first paragraph of the syllabus of that case is as follows:

"A contract between employer and employee which preserves to the latter all his rights of action, in case of negligence, until after the facts have occurred and are known to him, is not against public policy. In such a case it is not the signing of the release, but the acceptance of benefits after the accident, that constitutes the release."

These cases settle the law that the provision that the acceptance of benefits from the relief fund "for injury or death shall operate as a release of all claims for damages against said company," is not contrary to public policy, and does not violate the rule that a common carrier cannot make a valid contract against its own negligence.

It is contended, however, that the doctrine of those cases does not apply where a suit at law is first brought against the railroad company and damages recovered for the unlawful injury or killing of an employee of the company. It is difficult for us to see why the principle should not apply in the latter case. Rule 58 specifically provides that a judgment in a suit brought for damages shall preclude any claim upon the relief fund for benefits on account of such injury or death. Counsel for appellant contends that the plaintiff can recover in the

present suit on the authority of Boulden v. R. R. Co., 205 Pa. 264. But the exact point decided in that case was that the payment of the benefits by the relief association was to the mother of the decedent and she was not the person entitled to bring suit under the New Jersey statute and she was not named as a party to that action. In that case Mr. Justice MESTREZAT, speaking for the court, said:

"It has also been expressly decided by this court in a case arising under the New Jersey statute in question here, that the only proper plaintiff in such action in Pennsylvania is the individual in whom the right of action is vested by the laws of the state where the injuries were inflicted: Usher v. West Jersey R. R. Co., 126 Pa. 206. The New Jersey statute provides that the 'action shall be brought by and in the names of the personal representatives of such deceased person.' This action was brought, in compliance with statute in the name of the personal representative of Frank R. Boulden, the deceased, and the statement avers that the damages are recoverable for the exclusive benefit of his widow and next of kin."

The first action under which the present plaintiff, as the personal representative of William C. Jack, deceased, recovered the $7,500, was brought under the New Jersey statute above referred to by Judge MESTREZAT. But the marked distinction between the two actions is that in the Boulden case the beneficiary under the relief association was not the personal representative of the deceased, while in the other case the present plaintiff was the personal representative of the estate of William C. Jack and she is also the beneficiary named in the certificate of the Pennsylvania Railroad Voluntary Relief Department.

The appellant cites McKeering v. Penna. R. R. Co., 65 N. J. L. 57. In that case McKeering was in the service of the railroad company and he was a member of the relief department. In his application to that department he had named his sister as beneficiary and after the death of McKeering his said sister had received $500 from the relief fund and had given the usual acquittance. The decedent left a widow, Katherine McKeering. A suit for damages was brought by the

widow as administratrix of Cornelius McKeering, deceased, against the Pennsylvania Railroad Company. The defendant contended that the release by the sister was binding upon the administratrix. In disposing of this contention Mr. Justice VAN SICKLE said, among other things: "That vested statutory right cannot be defeated by the release of Nora McKeering nor by her acceptance of the provision under the relief fund. No act on her part, unauthorized by the other next of kin, can bar their right of recovery." In that case, if the suit had been brought by Nora McKeering it is not probable that it could have been sustained.

In Cowen v. Ray, 108 Fed. Repr. 320, cited by appellant, the deceased was killed on the railroad, while on duty as a fireman, and left a widow and two minor children. He was a member of the railroad company's relief department, which had a rule that in case of the death of a member, benefits would not be paid until the parties entitled to sue had executed a release to the company for all claims to damages. It was held: that the execution of a release by the plaintiff as the widow and beneficiary of the decedent, and an acceptance of $1,000 as benefits in said relief department, did not bar an action by her as administratrix. This was doubtless because of the interest of the minor children in the damages caused by the death of their father.

In Railway Co. v. Healy, 76 Neb. 783, cited by appellant, it was held, as we understand the case, that the widow as administratrix could maintain the action for the benefit of her children, her right being barred by the benefits she had already received. Oyster v. Burlington Relief Dept., 65 Neb. 789, seems to sustain the position of the defendant in the present case. In Graft v. Railroad Co., 8 Atl. Repr. 206, the plaintiff was not allowed to recover benefits.

It being conceded that the plaintiff collected the full amount of the $7,500 judgment, of course we may assume that she retained her share of that money, because the New Jersey statute, under which she sued and recovered, provided that the damages, in such case, are recoverable for the exclusive benefit of the widow and next of kin, and the present plaintiff was the

widow in that case. It seems quite clear, under the authority of Johnson v. Phila. & Reading R. R. Co., 163 Pa. 127, and Ringle v. Pennsylvania R. R. Co., 164 Pa. 529, that if the plaintiff here had accepted the benefits under the certificate which her husband had secured in the relief department she could only have maintained a suit at law for damages caused by the death of her husband in the interest of his next of kin. The suit in such case probably could have been carried to judgment to fix the amount of damages as a basis for remunerating the next of kin, but no part of such judgment, it seems, could have gone to the present plaintiff. Now having brought suit and recovered judgment and collected the same, for her full legal damages caused by the death of her husband, and the present suit being in her own right to recover on the benefit certificate, we cannot see how the plaintiff can recover. In carrying on the latter suit she is in flat violation of the rule of the relief department, under which her husband had secured the benefit certificate. And she assumed this position after having elected, with full knowledge of the facts, to pursue her remedy at law, for her full legal damages, against the railroad company whose negligence caused the death of her husband. The present suit is not brought in a representative or fiduciary capacity but it is in her sole personal interest.

The assignments of error are overruled and the appeal is dismissed without prejudice.