# Reese, Appellant, v. Pennsylvania Railroad Company.

*Beneficial associations—Railroad Employees' Relief Association—Damages—Release—Public policy—Negligence.*

Where an application for membership in a railroad employees' relief association stipulates that the member's acceptance of benefits for injuries shall operate as a release of all claims for damages against the railroad company arising from such injuries which could be made by or through him, a member who accepts benefits for an injury sustained in the course of his work cannot in the absence of fraud inducing the acceptance of the benefits claim any other or additional damages for such injury. Such a contract of membership is not void on the ground of public policy.

Argued Oct. 4, 1910. Appeal, No. 153, Oct. T., 1910, by plaintiff, from judgment of C. P. Armstrong Co., Sept. T., 1909, No. 24, on verdict for defendant in case of Charles Reese v. Pennsylvania Railroad Company, a corporation, lessee or owner and operating the Allegheny Valley Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTON, P. J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*C. E. Harrington* and *Harry C. Golden,* for appellant.

*Orr Buffington,* with him *O. W. Gilpin,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 3, 1911:

Charles Reese, the plaintiff below, was a fireman in the employ of the defendant company. On January 2, 1907, he applied to its relief association for membership. His application was accepted and his dues were paid up to August 7, 1907, when he sustained the injuries complained of in this action. After being injured he received benefits from August 6, 1907, to April 3, 1908. On April 2, 1908, he was notified by Doctor Sahm, the surgeon for the relief association, to report for examination of his injuries. After having so reported, the doctor gave him what is called a "return to duty card." He returned to duty and, having worked nearly six months, received a furlough for sixty days, but again resumed work as a fireman and lost one of his legs in March, 1909, while in the employ of the defendant company. The claim in this case, however, is not for the injuries sustained by the appellant in 1909, but for those suffered on August 7, 1907, and his contention is that he is entitled to recover because he was not in a physical condition to return to work when Doctor Sahm gave him his return to duty card. The complaint upon which he seeks to recover is that, if the doctor had examined him as a prudent physican should have done, it would have been discovered that he was not fit to return to duty, and in view of the alleged fraud practiced upon him by the doctor, he now contends that his agreement when he became a member of the relief association and what he did under it do not stand in the way of his right to compel his employer to pay him.

What the surgeon for the relief association did on April 2, 1908, is not to be regarded as involved in this controversy. If the appellant were seeking to recover benefits withheld from him by the association as the result of his examination by the surgeon, his complaint of the conduct of that officer might be pertinent, though, under the sixty-fifth regulation of the association, it seems that if he was dissatisfied with the decision of the surgeon, his right was to appeal to the superintendent of the relief

department, and from the latter's decision, if unsatisfactory, to an advisory committee; but on this we need not dwell. The single question before us is whether the appellant, by his own act, has precluded himself from recovering for the injuries for which he sues.

Immediately after he was injured he began to avail himself of the benefits of the relief association, and for a period of eight months continued to do so. In the application for membership in the relief association signed by the appellant there was a stipulation that his acceptance of benefits for injuries should operate as a release of all claims for damages against the company arising from such injuries which could be made by or through him, and he accepted membership under a regulation of the association which provided that his acceptance of benefits should operate as a release and satisfaction of all claims against his employer for damages arising from injuries while in its service. Neither when the appellant first accepted the benefits nor at any time during the period that he received them is it pretended that any fraud was practiced upon him to induce him to do so. A very different situation would be presented if it appeared that, by fraud or deception practiced upon him, he was induced to take the benefits, operating as a release from him to the defendant company for any claim he might have had for the injuries that resulted from its negligence; and this is the distinction which seems to be overlooked in pressing his present contention. With full knowledge of the effect his acceptance of the benefits would have upon any claim that he might have had against his employer for its negligence resulting in the injuries to him, he promptly accepted the benefits and continued to take them for months. His first acceptance of them, in the absence of any fraud or deception inducing him to take them, was an end of his right to recover damages from the defendant. Nothing in his contract of membership in the association barred his right to recover, but what he voluntarily did after he was injured—

the effect of which he declared in his application for membership should be a release to the company—is the release upon which, under our own cases and those in other jurisdictions, the defendant has a right to rely for protection from any liability. This case is so squarely ruled by Johnson v. Philadelphia & Reading R. R. Co., 163 Pa. 127, and Ringle v. Pennsylvania R. R. Co., 164 Pa. 529, that nothing more can be said about it, unless it be to call attention to Frank v. Newport Mining Co., 11 L. R. A. (N. S.) 182, in the notes to which cases from other states are referred to, holding, like our own, that the contract of membership in the relief association entered into by the appellant is not void on the ground of public policy, and that it is not such contract, but the acceptance of benefits, that constitutes the release.

The assignments of error are overruled and the judgment is affirmed.