## Reese, Appellant, *v.* Pennsylvania Railroad Company.

*Beneficial associations—Railroads—Release—Negligence.*

1. A member of a railroad employees' relief association who accepts benefits for an injury sustained in the course of his work cannot, in the absence of fraud inducing the acceptance of the benefits, claim any other or additional damages for such injury.

2. Where such a member accepts benefits for an injury, and subsequently accepts benefits for a second injury, the fact that a "return to duty" card may have been improperly issued to him by the company's physician after his first injury, has no connection with his acceptance of benefits for the second injury.

Argued Oct. 4, 1911. Appeal, No. 154, Oct. T., 1911, by plaintiff, from judgment of C. P. Armstrong Co., March T., 1911, No. 244, on verdict for defendant in case of Charles.Reese v. Pennsylvania Railroad Company,

a Corporation, Lessee or Owner, and operating the Allegheny Valley Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before PATTON, P. J.

The opinion of the Supreme Court states the case.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error. assigned* was in giving binding instructions for defendant.

*Harry C. Golden* and *C. E. Harrington*, for appellant.

*Orr Buffington*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 2, 1912:

This appellant was twice injured while in the employ of the defendant company, and he brought an action for each of the injuries. The first was sustained in 1907, and the judgment for the defendant in the first action was affirmed because the plaintiff's acceptance of benefits as a member of the defendant company's relief association was, by the express terms of his application for membership in it, a release of any claim that he might have had against the company: Reese v. Pennsylvania Railroad Co., 229 Pa. 340. The second injury, which is the subject of the present action, was sustained in 1909, and the appellant again accepted benefits from the relief association, but now contends that his acceptance of them ought not to bar his right to recover, because his examination, after his accident in 1907, by Doctor Zahm, the surgeon of the defendant company, was so superficial that a fraud was practiced in issuing to him the "return to duty" card. He insists that, but for his return to duty in pursuance of that card, he would

not have sustained the second injury. There is nothing in the evidence that could have justified a finding that the company's surgeon had practiced any fraud upon the appellant; but, even if the alleged fraud had been perpetrated upon him in 1908, there would be no traceable connection between it and his acceptance of benefits for the injuries sustained in 1909. What was said in affirming the judgment for the defendant in the first action brought by the appellant is conclusive against him in the second, and the judgment in it is, therefore, affirmed.