## Snyder, Appellant, *v.* Pennsylvania Railroad Company.

*Beneficial associations—Railroads—Institution of suit by widow—Judgment of nonsuit.*

Where the by-laws of a railroad beneficial association provide that if a member or his legal representative brought suit against the railroad company on account of injury or death of such member, a judgment in such suit shall preclude any claim upon the relief fund, a widow of a member who brings an action of trespass against the railroad company, to recover damages for the death of her husband under the act of April 15, 1851, P. L. 669, is the "legal representative" of the member within the meaning of the by-laws; and if such action results in a nonsuit, the judgment of nonsuit is a "judgment in such suit," within the meaning of the by-laws. Thereafter the widow cannot maintain an action against the company for death benefits; and this is the case although she may have, after the nonsuit had been entered, gone through the form of withdrawing her claim in the trespass case and discontinuing that suit.

Argued Oct. 25, 1911. Appeal, No. 74, Oct. T., 1911, by plaintiff, from order of C. P. Northumberland Co., May T., 1910, No. 261, refusing to take off nonsuit in case of Catharine L. Snyder v. Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover death benefits. Before AUTEN, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order refusing to take off nonsuit.

*J. Fred. Schaffer,* for appellant.—The appellant contends that the learned court below erred in construing the fifty-eighth regulation.  If the construction of the learned judge of the court below is correct,—it amounts to a contract by the insurer and the insured, that the widow and children of the insured should not avail themselves of the provisions of the acts of 1851 and 1855, upon pain of forfeiture of the relief, even though there might not be any recovery in the suit against the employer company.  If the contract means this, it is against public policy and void, because in its deterrent effect it is violative of the rights of the widow and children or parents of the insured employee under those acts, and is an indirect attempt by reason of such deterrence, at exemption from liability for negligence: Keatley v. Ins. Co., 187 Pa. 197; Enders v. Enders, 164 Pa. 266.

No claim has been made against the company by the "member or his legal representative."  No suit has been brought against the company by the "member or his legal representative."  The words "legal representatives" are here used with reference (a) to personal property and (b) actions to recover damages (personal property) for negligence; they, therefore, must be construed to mean executors or administrators: Black v. B. & O. R. R. Co., 224 Pa. 519.

Under the statutes the widow of Charles H. Snyder, the insured, was the only person entitled to sue: Lehigh Iron Co. v. Rupp, 100 Pa. 95; Phila. W., & B. R. R. Co. v. Conway, 112 Pa. 511; North Pa. R. R. Co. v. Robinson, 44 Pa. 175; Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 419.

Under the facts, neither the compulsory nonsuit, nor the refusal to take it off are within the meaning of the word "judgment" as used in the fifty-eighth regulation: Com. v. Everts, 19 Pa. Superior Ct. 419; Kaufman v. Abeles, 11 Pa. Superior Ct. 616.

Even though the negligence suit by the widow came within the meaning of the term "legal representative,"

still, the suit having been withdrawn and discontinued within the limitary period for an appeal from the refusal to take off the nonsuit, and since a nonsuit does not bar another action for the same thing, the appellant is within the saving clause of the fifty-eighth regulation.

*J. Simpson Kline*, with him *Geo. B. Reimensnyder*, for appellee.—The plaintiff having brought suit against the defendant company for damages for the death of her husband, and not having discontinued the same, but having proceeded therein until judgment was entered against her and in favor of the defendant company, she has disentitled herself to the benefits: Otis v. Penna. Co., 71 Fed. Repr. 136; Johnson v. R. R. Co., 163 Pa. 127; Ringle v. Penna. R. R. Co., 164 Pa. 529.

The attempt to discontinue the suit for judgment and without leave of court is futile: Schuylkill Bank v. Macalester, 6 W. & S. 147; Pollock v. Hall, 3 Yeates, 42; Broom v. Fox, 2 Yeates, 530; Evans v. Clover, 1 Grant (Pa.), 164; Henry v. Fisher, 2 Pa. Dist. Rep. 71; Riverside Glass Works v. Ins. Co., 36 Pitts. Leg. J. 356; Oscanyan v. Arms Co., 103 U. S. 261.

OPINION BY BEAVER, J., March 1, 1912:

The appellant, who was the plaintiff below, being the beneficiary last designated by her husband, who was a member of the relief association of the defendant company, brought suit against the said company in trespass, for the recovery of damages arising, as she claimed, out of the death of her husband, who was a conductor in its employ at the time of his death. Upon the trial of that cause, a judgment of nonsuit against the plaintiff was entered, which the court, upon motion duly made, refused to take off, from which judgment no appeal was taken. Before the time for appeal had expired, the plaintiff entered, by præcipe in the prothonotary's office, without authority of the court first had, a withdrawal of "the claim made in this case" and a discontinuance of the suit, directing the

prothonotary "to so mark the same of record." She subsequently brought suit for the death benefit under the membership of her husband in the relief association. An affidavit of defense was filed by the defendant, and, upon motion for judgment for want of sufficient affidavit of defense, the court discharged the rule granted thereon and filed a carefully prepared opinion. Upon the trial of the cause, the plaintiff's testimony established the facts set forth in the defendant's affidavit of defense and, upon motion, at the conclusion of the plaintiff's case, the court granted a nonsuit which it subsequently refused to take off. The case before us for consideration is the appeal of the plaintiff from this refusal of the court.

The sixty-fifth section of the rules governing the relief association of the defendant, which provides for the submission of a claim on the part of the beneficiary, first to the superintendent of the association and, in case of his decision against the beneficiary, by appeal to the advisory committee within certain time limits, is strenuously opposed by the appellant, on the ground that it is void, first, because the beneficiary has an inherent and constitutional right of trial by jury which she alone can waive, which she has not done and no one can do it for her; second, because in effect it constitutes the appellee company, a party in interest, the judge of its own suit; and, third, it is against public policy, because it ousts the jurisdiction of courts in advance of any controversy and, consequently, "robs the courts of their jurisdiction to finally determine the ultimate question of liability or nonliability under the contract as a matter of law."

It is not necessary for us to pass upon the question of the validity of the sixty-fifth section, because, as we view it, the question is settled by the fifty-eighth section of the rules governing the relief fund, which is as follows: "Should a member or his legal representative make claim, or bring suit, against the Company, or against any other corporation which may be at the time associated therewith in administration of the Relief Departments, in

accordance with the terms set forth in Regulation No. 6,
for damages on account of injury or death of such member,
payments of benefits from the relief fund, on account of
the same, shall not be made, until such claim shall be
withdrawn or suit discontinued.   Any compromise of
such claim or suit, or judgment in such suit, shall preclude
any claim upon the Relief Fund for benefits on account
of such injury or death, and the acceptance of benefits
from the Relief Fund by a member or his beneficiary or
beneficiaries, on account of injury or death, shall operate
as a release and satisfaction of all claims against the Com-
pany and any and all of the corporations associated there-
with in the administration of their Relief Department,
for damages arising from such injury or death."

The appellant claims that the action of trespass brought
by the widow against the defendant for damages sustained
by the death of her husband was not brought as his legal
representative and that the judgment of nonsuit entered
therein was not such a judgment as is contemplated in
this fifty-eighth regulation, so as to bar her claim upon the
relief fund for the death benefits due because of the death
of her husband.   As we understand it, the widow was not
the administratrix of the decedent.   She brought her action
under the Act of April 15, 1851, P. L. 669, for damages by
reason of his death.   This question has been dealt with
and practically settled in Jack v. Penna. R. R. Co., 43 Pa.
Superior Ct. 337, in which this fifty-eighth section of the
rules governing the relief fund was considered and passed
upon.   It is perhaps true that ordinarily the phrase "legal
representative" refers to the administrators or executors
of a decedent, but the term is not confined exclusively to
such representatives.   In the case under consideration,
the law fixes the representative of the decedent as the
widow, and, inasmuch as she is named by the law as the
representative of the decedent, she, of course, is for that
purpose the legal representative.

As was said in Hughes v. D. & H. Canal Co., 176 Pa.
254: "Plaintiff had no claim until he died, and then the

foundation of her claim was the injury to him, for which he might have sued in his lifetime. If the defendant would not have been liable to him in the first instance, it was not made liable to her after his death. We are not aware of any case, certainly our attention has not been called to any, in which a widow has recovered for injuries to her husband where he could not have done so himself, if he had survived. And, on principle, it is perfectly clear that she never can do so, for the original right of action is in him and hers is but the succession or substitution for his, where he has not asserted it himself. If he has done so, his action survives, if he has not, then by virtue of the statute she brings hers in its place, but for the same cause: Birch v. Pittsburg, etc., Ry. Co., 165 Pa. 339."

So in Hill v. Penna. R. R. Co., 178 Pa. 223, Mr. Justice GREEN, in considering the eighteenth and nineteenth sections of the act of 1851, supra, says: "It will be observed that in both these sections the right of action conferred is for the death of the party injured. The eighteenth section provides for the case of a party injured who has brought an action for his injury, but subsequently dies, and directs that in such case the action shall not abate by reason of the death but shall survive to his personal representatives. Section 19 provides that, if no action has been brought for the injury during the life of the party injured, the widow, or if there is no widow, the personal representatives may maintain an action and recover damages for the death thus occasioned. Thus both classes of cases are provided for, the one, where an action was brought by the injured party during his life but the plaintiff died pending the action, and the other where no action had been brought at the time of the death of the party injured. While it is very true that the injured party could in no circumstances recover damages for his own death, yet it is equally true that the course of action provided for by both sections is death resulting from injuries. The act did not undertake to give a cause of action to the party injured for the injuries he had sustained, because such a right of action already

existed, independently of the act.   Hence it cannot be argued that the intention of the eighteenth section was to give one right of action to the party injured and another and independent right of action for the same injury to his widow.   The cause of action is the same in both sections, to wit, the death of the party, the only difference being that the eighteenth section provided for an action already pending, that it should not abate but should survive to the personal representative, and the nineteenth section provided that, in case no action had been brought before the death of the party, an action might be brought by the widow, or if there was no widow, then by the personal representatives."   Whether by the widow, or, in the absence of such a party, by the personal representatives they were both in their order the legal representatives of the party, because their status was fixed by law and that law made them the legal representatives of the party for damages for the death of whom the action could be brought.

Was the judgment of nonsuit a judgment in the case such as is contemplated in the fifty-eighth section, supra? We think it was.   The plaintiff exhausted her legal right in the presentation of her case.   The court held that presentation insufficient for her recovery and entered a nonsuit upon which judgment was entered.   This, of course, was conclusive, so far as it went.   It carried the costs and settled the question, so far as that suit was concerned, and was a final judgment therein.   True, the defendant had a right to bring another suit and was not precluded from doing so by the judgment of nonsuit, but, so far as the suit then pending was concerned, the judgment of nonsuit was a final disposition of it, and, in our opinion, clearly constituted a conclusive judgment in the case.   The plaintiff had a right to appeal, of course, but she did not appeal, and, as the court well says in its opinion discharging the motion for judgment for want of a sufficient affidavit of defense, her withdrawal of the suit and discontinuance thereof was a nullity, because there was nothing to with-

draw and nothing to discontinue. The case had been ultimately disposed of by a conclusive judgment, and that was the end of it, so far as that suit was concerned.

Prolonged discussion will not in any way clarify the judgment of the court, as expressed in its opinion upon the motion for want of a sufficient affidavit of defense, nor will it add to its logical conclusiveness. We are clearly of the opinion that the court gave the proper construction to the fifty-eighth section of the rules of the relief association and that being so the sixty-fifth section becomes unimportant, inasmuch as the superintendent and the advisory committee on appeal held that the judgment in the action in trespass for damages for the death of the plaintiff's husband was conclusive as to her right to share in the relief fund under her husband's membership in the association.

The case has been most elaborately argued and every phase of it presented for our consideration. We think, however, that the question is fully met by the consideration of the fifty-eighth section and the conclusiveness of the judgment entered in the action of trespass brought by the widow for the death of her husband.

Judgment affirmed.