# Getkin, Appellant, v. Pennsylvania Railroad Company.

*Railroads—Relief fund—Death benefits—Suit at law—Recovery
—Satisfaction—Subsequent claim against relief fund—Affidavits
of defense—Sufficiency—Act of Congress of April 22, 1908.*

1. A regulation of a relief association of a railroad company
providing that the recovery of a judgment in a suit for damages
on account of injury or death of a member shall preclude any
claim upon the relief fund for benefits on account of such injury
or death, is valid; and where a widow has recovered a judgment
against the railroad company for the death of her husband she can-
not thereafter assert a claim against the railroad relief fund, and
an affidavit of defense setting up such regulation as a bar to such
action is sufficient.

2. In such case the Act of Congress of April 22, 1908, 35 Stat-
utes-at-large 65, c. 149, No. 5, providing that any "contract, rule,
regulation or device whatsoever, the purpose or intent of which
shall be to enable any common carrier to exempt itself from any
liability created by this act, shall, to that extent, be void," is not
applicable, such act not intending that there should be both a pay-
ment of benefits and a recovery of damages for the injury, at least
in so far as payments for both are to be made by the same defend-
ant.

3. In such case, had plaintiff received payment of the benefit
certificate prior to bringing suit for damages, the stipulation in
the contract of membership in the relief fund could not have been
permitted to defeat the right to recover damages, but defendant
would have been entitled to set off the sum it had so paid the
plaintiff.

Argued May 21, 1917. Appeal, No. 2, May T., 1917,
by plaintiff, from judgment of C. P. Dauphin Co., Jan.
T., 1915, No. 631, refusing plaintiff's motion for judg-
ment for want of a sufficient affidavit of defense in case
of Ella Getkin v. Pennsylvania Railroad Company. Be-
fore Brown, C. J., Mestrezat, Potter, Stewart,
Moschzisker, Frazer and Walling, JJ. Affirmed.

Assumpsit on a railroad relief association certificate to recover death benefits.

The facts appear by the opinion of the Supreme Court.

The lower court refused plaintiff's motion for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned,* among others, was in refusing plaintiff's motion for judgment for want of a sufficient affidavit of defense.

*William M. Hain* and *William M. Hargest*, for appellant.—Plaintiff was entitled to judgment for want of a sufficient affidavit of defense: Act of Congress of April 22, 1908, 35 Statute-at-large 65, c. 149, No. 5.

The regulations of the relief department of the defendant in denying liability upon benefit certificates where suits are brought are in violation of the Act of Congress of 1908: Johnson v. Philadelphia & Reading R. R. Co., 163 Pa. 127; Ringle v. Penna. R. R. Co., 164 Pa. 529; Hartman v. Chicago, Burling. & Quincy R. R. Co., 182 S. W. Repr. 148.

*C. H. Bergner*, with him *Spencer Gilbert Nauman* and *J. E. B. Cunningham*, for appellee.—The regulation of defendant relief association to the effect that recovery cannot be had against the defendant on the benefit certificate after recovery of judgment against the defendant, is valid: Johnson v. Philadelphia & Reading R. R. Co., 163 Pa. 127; Beck v. Penna. R. R. Co., 63 N. J. L. 232 (43 Atl. 908); Pittsburgh, Cin., Chgo. & St. Louis R. R. Co. v. Moore, 152 Ind. 345 (53 N. E. Repr. 290); Reese v. Penna. R. R. Co., 229 Pa. 340; Mondou v. N. Y., New Haven & Hartford R. R. Co., 223 U. S. 1.

OPINION BY MR. JUSTICE POTTER, June 30, 1917:

This is an appeal from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense.

Plaintiff, who was the widow of David Getkin, an engineer in the employ of defendant at the time of his death, declared on a certificate of membership in the Voluntary Relief Department of the defendant company, and claimed to recover, as the beneficiary named in such certificate, the sum of $2,250 as a death benefit. She averred that all the terms and conditions of the certificate had been complied with and that, on October 21, 1912, her husband, while in the performance of his duty as a passenger engineer on one of defendant's trains which was engaged in interstate commerce, was killed under circumstances involving negligence on the part of defendant. She further averred that, as administratrix of her husband, she had, on October 9, 1913, brought an action of trespass against defendant, in the District Court of the United States for the Middle District of Pennsylvania, to recover damages for the death of her husband under the Act of Congress of April 22, 1908, 35 U. S. Stat. 65, c. 149, known as the "Employers' Liability Act," and that, on June 24, 1914, she had recovered in such action a verdict against defendant for $7,161, which had been fully paid and satisfied. She also averred that, after the satisfaction of the verdict, she had applied to the superintendent of the relief department for payment of the death benefit under the certificate, but payment had been refused by him. The regulations of the relief department of defendant company were attached to the statement and contained the following provision:

"58. Should a member or his legal representative make claim, or bring suit, against the company, or against any other corporation which may be at the time associated therewith in administration of the relief departments, in accordance with the terms set forth in Regulation No. 6, for damages on account of injury or death of such member, payment of benefits from the relief fund, on account of the same, shall not be made until such claim shall be withdrawn or suit discontinued. Any compro-

mise of such claim or suit, or judgment in such suit, shall preclude any claim upon the relief fund for benefits on account of such injury or death, and the acceptance of benefits from the relief fund by a member or his beneficiary or beneficiaries on account of injury or death shall operate as a release and satisfaction of all claims against the company......for damages arising from such injury or death."

In the affidavit of defense, the recovery in the action of trespass was set up as a bar to this action under the regulation above quoted.. The validity of such a regulation has been sustained in Graft v. Balt. & Ohio R. R. Co., 5 Sad. (Pa.) 94; Johnson v. Philadelphia & Reading R. R. Co., 163 Pa. 127; Ringle v. Penna. R. R. Co., 164 Pa. 529; Reese v. Penna. R. R. Co., 229 Pa. 340; Hogarty v. Philadelphia & Reading Ry. Co., 255 Pa. 236.

At the time of his death, plaintiff's husband was running a train engaged in interstate commerce, so that the Act of Congress of April 22, 1908, 35 Stat. at Large, 65, c. 149, No. 5, is controlling to the extent that it has application to this case.   In the fifth section of that act, it is provided that "any contract, rule, regulation or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall, to that extent, be void."   But the only liability created by the act is for damages to persons suffering injury while employed by a common carrier engaged in interstate commerce.   Any regulation, therefore, which enables a carrier to exempt itself from a claim for damages for injury received under the conditions mentioned is void.   If the plaintiff had received payment of the benefit certificate prior to bringing suit for damages, the stipulation in the contract of membership in the relief fund could not have been permitted to defeat the right to recover damages.   It is provided, however, in the act of congress, that, in such action for damages brought against a common carrier, the carrier may set off therein any sum it has contrib-

uted or paid to any insurance relief benefits, or indemnity, that may have been paid to the injured employee, or the person entitled thereto, on account of the injury or death for which said action was brought.  It is, therefore, apparent that, by the act in question, congress did not intend that there should be both payment of benefits and a recovery of damages for the injury, at least in so far as payment for both was to be made by the same defendant.  In the matter of payment here, counsel for appellant seek to distinguish between the defendant company, and the beneficial association, which is merely a department or bureau of the defendant company.  But the benefits are demanded from the company, and the suit to compel their payment is against it.  If plaintiff is right in seeking to hold the company responsible for the payment of the benefits, it is difficult to see why it should not be credited with their payment when made.  However, that question is not important here, as there is no attempt by defendant to set off any sum against the amount to which the plaintiff was entitled as damages.  Defendant is merely standing upon the terms of the contract under which the benefit certificate was issued.

The present suit is not an action for damages for injuries sustained.  As has already been stated, such an action was actually brought and tried in another forum, and this plaintiff, as administratrix of her husband, did in that action recover for her benefit and that of her children, if any, damages in the sum of $7,161.  So that no question of exemption or release from the payment of damages, by reason of the acceptance of benefits, can arise in this case, and there is no occasion to invoke in that respect the provision of the act of congress.  The present claim is based entirely upon the contract of membership in the relief association, and that contract contains a clear stipulation that the recovery of a judgment in a suit for damages on account of injury or death of a member shall preclude any claim upon the relief

fund, for benefits on account of such injury or death. The relief fund provides protection for its members in case of sickness or accidental injury where there may be no legal liability upon the part of the defendant company. And where there is such liability, the beneficiary has the option of accepting the sum payable under the terms of the benefit certificate, or of instituting legal proceedings, with the possibility of recovering a much larger sum, as did the plaintiff in the present case. But, under the terms of the contract, the funds of the beneficial association are not to be depleted by the payment of benefits in a case where damages are recovered for the injury or death of a member. As such a recovery was had in the present case, we think the court below was fully justified in overruling the motion for judgment for want of a sufficient affidavit of defense.

The judgment is affirmed.