THOMAS A. McNEILL, Adm'r of Alice Smith et al., v. JAMES P.
HODGES et. al.

### *Jurisdiction— Venue.*

Except by consent, or in those cases specially permitted by the statutes,
the Judge of the Superior Court has no jurisdiction to hear a cause
or make orders therein outside of the county in which the action
is pending.

This is a SPECIAL PROCEEDING, began in the County of
CUMBERLAND, for the settlement of a guardianship, and
heard upon exceptions before *Clark, J.,* at Chambers, in
RICHMOND County, on the 7th day of June, 1887.

In the course of the action there was a reference and report
to which exceptions were filed. Thereupon the plaintiff
served ten days' notice on the defendant Hodges to appear
at Chambers, in Rockingham, Richmond County, on the 7th
of June; and the defendant Hodges, by his counsel, appeared
accordingly, and insisted to the Court that it was irregular
and not according to law, and contrary to the practice of the
Court to require a defendant to come out of his own county
to Richmond County, to try a case that was regularly on
the docket of Cumberland County, and asked that the case
be continued until the next regular term of Cumberland
County.

This was overruled and defendant Hodges excepted.

The Court then proceeded to hear the exceptions to the
account as filed by defendants Hodges and Smith, and gave
judgment for the plaintiffs, from which the defendants ap-
pealed.

*Mr. R. H. Battle,* for the plaintiffs.
*Mr. P. D. Walker* (*Mr. N. W. Ray,* filed a brief), for the
defendants.

Merrimon, J., (after stating the case).   Regularly, an action must be conducted, tried and disposed of not only in the Courts, but as well in the county where it is pending. The several statutes prescribing and regulating the jurisdiction of the Courts, the method of procedure and practice, so in effect provide, except in particular cases and respects specially provided for, such as the granting of injunctions pending the action until the hearing upon the merits, the appointment of receivers and the like.   *Bynum* v. *Powe,* 97 N. C., 374.

Such special exercise of authority is exceptional and should not be extended by mere implication or possible inference. An important and valuable part of the purpose of establishing Courts in every county is to promote the fairness of trials, the convenience of parties, and to economize time, costs and personal expenses.   Although in some cases and in some aspects of cases, parties are to be taken from their respective counties in matters of litigation, the general purpose of the law is to avoid this as much as practicable, and it may be done only when the statute certainly allows it.

The statute (*The Code,* § 423,) upon which the Judge based his action complained of, provides among other things, that "the report of the referee shall be made to the Clerk of the Court in which the action is pending; either party, during the term, or upon ten days' notice to the adverse party out of term, may move the Judge to review such report and set it aside, modify or confirm the same in whole or in part, and no judgment shall be entered on any reference except by order of the Judge."

The authority thus to be exercised " out of term," must, we think, be exercised in the county in whose Court the action in which the report is made is pending.   The words " out of term may move the Judge," &c.—nothing further being provided as in the statutory provision cited—means "out of term," within the territorial jurisdiction of the Judge

as to that action—not beyond and outside of it, unless by the common consent of the parties. There is nothing in the statute cited that can be construed to mean that either party " may move the Judge," &c., outside of the county in whose Court the action is pending; nor can the statutory provision of *The Code*, in respect to granting injunctions and the like, be invoked in aid of such exercise of authority, because these expressly authorize the Judge to grant injunctions any where within the Judicial District in which he presides, and under some circumstances in actions pending in Courts of adjoining districts. (*The Code*, §§ 334, 337.) Indeed, these provisions rather tend to show that the interpretation we give that in question is the correct one; they serve to show that the Legislature, where it intended to extend the authority of the Judges beyond the ordinary course of procedure, said so in such terms as left no doubt as to the intent. Moreover, it is not at all probable that the Legislature intended that a suitor should be required, perhaps at great inconvenience and expense, to go from the county in whose Court his action is pending, to another adjoining—perhaps a distant one—to have his case heard and determined out of the ordinary course of trying actions. The more probable and reasonable view is, that the purpose had in view was to expedite the hearing of the action in the case provided for out of term in the county where the action is pending.

If it be said, how can the Judge in vacation time be in the County where the action is pending, when his duties require him to be elsewhere? the reply is, he may some times as convenience may allow, be there and thus meet the purposes of the statute. This is more reasonable, it seems to us, than that suitors in cases like this, should follow him in the course of his circuit to have him decide their cases upon the merits.

The case, therefore, ought not to have been heard in the County of Richmond, and hence the judgment must be set

aside, and the case heard and determined according to law. To that end let this opinion be certified to the Superior Court.

Error.