ATLANTIC NATIONAL BANK et al. v. PEREGOY-JENKINS COMPANY.

(Filed 8 April, 1908).

1. **Attorney and Client — Original Authority — Continuance Presumed—Scope of Authority.**

     The presumption is that generally the authority of an attorney to represent his client continues until there is evidence of its having been revoked; and it appearing that such original authority existed, without more, his motion in the original cause to set aside the judgment on the ground that it was void cannot successfully be attacked for the want of such authority.

2. **Superior Courts—Hearing Cause in Another County—Orders—No Jurisdiction.**

     A Judge of the Superior Court, except by consent appearing of record, or where special statutory provisions have been made, has

no jurisdiction to hear a cause or make orders therein in a different county from the one in which the action is pending.

3. **Same—Substantial Rights.**

The Judge of the Superior Court has no jurisdiction, upon motion in the cause, to order a sale of lands in the hands of a receiver, affecting a substantial right and interest of the parties to the action, outside of the county wherein the action is pending. An order of sale may be made out of term, but a final order can be made only at the term of the court.

ACTION heard by *O. H. Allen, J.,* at Kinston, LENOIR County, 30 May, 1907.

This is a motion to set aside an order made by the Judge of the Fifth Judicial District at Kinston, N. C., on 30 May, 1907, directing A. G. Ricaud, receiver, to sell to R. G. Grady certain timber, the title to which is now in controversy, and also to set aside the deed of the receiver to the purchaser. The motion was made in an action which was originally brought under the statute in the Superior Court of New Hanover County to settle the affairs of the corporation known as the "Peregoy-Jenkins Company," and A. G. Ricaud was appointed receiver to take possession of its assets and administer the same for the benefit of the creditors who brought the suit. A mortgage was executed by the Peregoy-Jenkins Company and a sale made thereunder, and by a deed to the purchaser and certain mesne conveyances the timber in controversy is alleged to have been acquired by Charles S. Reilly & Co., but it is not necessary to set out the chain of title in detail. The order permitting the receiver, A. G. Ricaud, to sell the land at private sale to R. G. Grady was made at chambers in Kinston, N. C., without notice to the parties to the action, and at a time when the Superior Court of New Hanover County, *Judge Long* presiding, was actually in session, but the application for the order was made before the court had convened. The motion to set aside the order allowing the receiver to sell the land to R. G. Grady was made by Mr. John D. Bellamy as attorney in behalf of Charles S. Reilly & Co.,

and also in behalf of the Peregoy-Jenkins Lumber Company, he being attorney of record for the last-named company. Mr. Bellamy has not been specially requested by his client, the Peregoy-Jenkins Lumber Company, to make this motion, and has not heard from them in regard to it. At the time the motion to set aside the order allowing the receiver to sell was made, an order was issued restraining R. G. Grady from disposing of the property in controversy. At the hearing before the Judge he refused to set aside the order allowing the receiver to sell the timber to R. G. Grady and dissolved the restraining order. The parties who made the motion excepted and appealed.

*E. K. Bryan* for plaintiffs.
*Herbert McClammy* and *J. D. Bellamy & Son* for defendant.

WALKER, J. It cannot be material in this case that the motion is made by Mr. Bellamy as attorney in behalf of Charles S. Reilly & Co., if in making the motion he is also representing his client, the Peregoy-Jenkins Lumber Company, which is a party to the record. His right to move in the cause is derived from the original authority which was given by the defendant, the Peregoy-Jenkins Lumber Company, to appear for it generally in the proceeding, and this authority was not terminated by the order of sale which the court made. If the Peregoy-Jenkins Lumber Company could move to set aside the order allowing the receiver to sell the timber to R. G. Grady because it was void, it would seem to follow that its attorney of record, acting in its behalf, could do the same thing, unless his authority had been revoked, and there is no finding of fact in this case to the effect that it had been. So far as appears, therefore, he still had the authority to make the motion. *Rogers v. McKensie,* 81 N. C., 164; *Branch v. Walker,* 92 N. C., 87; *Allison v. Whittier,* 101 N. C., 490;

*Ladd v. Teague,* 126 N. C., 544. The order of the court for the sale of the property to R. G. Grady provides that the Peregoy-Jenkins Lumber Company and all ·the creditors of the said company shall be forever excluded from any right, interest or title therein, and it is found as a fact that the order was made without any notice to the parties to be thus affected by it. The motion for the order of sale and the order itself were made out of the county in which the case was pending. The motion was one in the cause, as distinguished from a motion for an ancillary remedy, such as an application for an injunction, receiver, etc., and should have been made in the county where the cause was then pending. The order disposed of a part of the assets in the possession of the receiver and affected a substantial right and interest of the parties to the action. In *McNeill v. Hodges,* 99 N. C., 248, the Court said that "Regularly an action must be conducted, tried and disposed of, not only in the court, but as well in the county where it is pending. The several statutes prescribing and regulating the jurisdiction of the courts, the method of procedure and practice so in effect provide, except in particular cases and respects specially provided for, such as the granting of·injunctions pending the action until the hearing upon the merits, the appointment of receivers and the like. *Bynum v. Powe,* 97 N. C., 374." It was therefore held that, except by consent or in those cases for which special provision is made by the statute, a Judge of the Superior Court, even in his own district, has no jurisdiction to hear a cause or make orders therein outside the county in which the action is pending. If consent has been given by the parties it should so appear in the record. *Godwin v. Monds,* 101 N. C., 354. This case differs from *Parker v. McPhail,* 112 N. C., 502, for in that case the Judge acquired jurisdiction as incident to the original power he had to grant the order of arrest outside the county where the action was pending, and, by virtue of The Code, sec. 594 (6), as stated by the present

Chief Justice, and *Fertilizer Co. v. Taylor,* 112 N. C., 141, differs from our case in the fact that the Judge was in that case merely·enforcing obedience to his own order requiring the defendant to submit to an examination in supplementary proceedings.    The jurisdiction to order the examination of a party implied the power to enforce the order by attachment for contempt.   ˙In both cases the necessity for conceding such jurisdiction to exist under the statute was considered as arising out of the urgency of the case and the nature of the relief demanded, requiring the remedy to be speedy in order to be effectual.    But not so in our case.    There was no reason why the Judge should act at once here in a county other than the one where the cause was pending.    Besides, as we have said, the order affected the *corpus* of the assets in the hands of the receiver, and the motion was, in legal contemplation, one made in the principal cause.    It was not for those reasons merely ancillary in its nature.    In. the case of *Brown v. Railway,* 83 N. C., 128, this Court held that a Superior Court of one county should not interfere with property in the hands of a receiver appointed by the Superior Court of another county, although the property is in the former county, but that relief should be sought in the county where the receiver was appointed.    While that case is not directly in point, it furnishes a clear·analogy for our guidance and assigns a good reason why motions of this kind should be made in the county where the principal cause is pending.

Our conclusion is that the Judge had no power to order the sale to be made, and there was consequently error in the refusal to vacate the order and to set aside the deed made to the purchaser.    It must be understood that we are reversing the order of the court solely upon the ground that the original order, which was made outside the county of New Hanover, where the case was then pending, disposed of a part of the assets in the possession of the receiver.    In such case the order is final as to the property disposed of, the title to which

passes thereby, and such order should therefore be made in the county and at the term of court. It is otherwise as to orders to advertise property for sale, which are mere directions from the court to the receiver in the management of the property and which may be made by the Judge anywhere in the district. The advertisement, the public sale and the requirement that the final order confirming the sale (with opportunity of raising the bid) must be made at term and in the county safeguard the rights of all parties. Besides, an order to advertise for sale can be modified or set aside, on motion, before the sale takes place, for good cause shown.

Reversed.