# Riddell *v.* Pennsylvania Railroad Company, Appellant.

*Railroads—Beneficial associations—Acceptance of benefits—Release of liability—Public policy—Negligence—Acts of June 24, 1897, P. L. 204, and June 2, 1915, P. L. 736.*

1. A boy who signs in 1912 an application for membership in a railroad company's relief association, and is accepted as a member when he is over eighteen years of age, and accepts benefits thereunder for an injury before he is twenty-one years of age, is barred from recovering damages for such injury from the railroad company under the Act of June 24, 1897, P. L. 204, which makes it lawful for minors over eighteen years of age "to make all needful contracts to become members of fraternal and beneficial societies," if his contract with the society makes an acceptance of benefits a release of liability.

2. In such a case, as it was necessary for the minor to sign the contract in order to become a member of the association, he is bound by its terms to the same intent as the adult members of the organization.

3. The Workmen's Compensation Act of June 2, 1915, P. L. 736, which provides, in Section 204, Article II, that, contracts to the contrary notwithstanding, the receipt of benefits. from relief associations shall not bar recovery of damages by action at law, applies only to accidents happening after January 1, 1916.

4. As the act materially altered the substantive rules of law applicable to cases of personal injuries arising through negligence and called for a new pronouncement of public policy in such cases, it cannot upon any justifiable theory be made to affect cases arising under the old law.

Argued Oct. 10, 1918.   Appeal, No. 69, Oct. T., 1918, by defendant, from judgment of C. P. Butler Co., Dec. T., 1914, No. 45, on verdict for plaintiff in case of James Leslie Riddell, by his next friend, John B. Riddell, v. Pennsylvania Railroad Company.   Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before REIBER, P. J.

The case turned on whether the plaintiff in accepting benefits from the company's relief association had not barred himself from recovering damages in an action at law.

Verdict and judgment for plaintiff for $14,222.50.   Defendant appealed.

*Error assigned* was order refusing judgment for defendant n. o. v.

*Thomas H. Greer,* of *John M. Greer & Sons,* for appellant.

*James M. Galbreath,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 4, 1919:

James L. Riddell, an employee of the Pennsylvania Railroad Company, on June 4, 1912, when but eighteen

and a half years of age, made written application · for membership in the latter's relief association, and was duly accepted; November 8, 1912, while engaged in the performance of his regular duties, he was seriously injured; October 24, 1914, suit was brought in the court below, plaintiff alleging that his injuries were due to negligence by defendant; upon the trial, Riddell expressly elected to proceed at common law and not under the federal statutes; defendant proved, by documentary evidence, plaintiff's contract of membership with its relief association and that, after the accident, he had accepted benefits therefrom, in accordance with the rules and regulations thereof, for a period covering almost two years, amounting in the aggregate to $527; on this proof defendant requested binding instructions in its favor, which were declined; plaintiff recovered a substantial verdict upon which judgment was entered; defendant moved for judgment n. o. v., and, upon its refusal, took this appeal.

Young Riddell was over eighteen and under twenty-one years of age when he joined defendant's beneficial association, also at the time of the accident and during the period of his acceptance of benefits; but the Act of June 24, 1897, P. L. 204, provides: "It shall be lawful for minors, who have attained the age of eighteen years, to make all needful contracts to become members of fraternal and beneficial societies, lawfully organized and doing business under the laws of this Commonwealth." Defendant's association is such a society.

Had plaintiff been of full age when he accepted the relief benefits, under the then established law of Pennsylvania, this would have released his right to recover damages, and effectually barred his action; but the court below decided that, since he was then still a minor, notwithstanding the Act of 1897, supra, and the terms of his contract of membership in defendant's relief association, his acceptance of such benefits could not have

that effect.    The correctness of this conclusion is the controlling question for decision on the present appeal.

It will be noticed that the Act of 1897, supra, authorizes minors, over eighteen years of age, to make all "needful" contracts to enable them to become members of beneficial associations.    The word "needful" means "necessary, requisite, essential, indispensable": Soule's Dictionary of English Synonyms.

No one could become a member of the relief association of defendant company without entering into a written contract similar to the one executed by the plaintiff in this case, and this contract expressly provides that the acceptance of benefits from such association, "for injury or death, shall operate as a release of all claims for damages against said company, arising from such injury or death, which could be made by or through" the member; but the court below decided, in substance, that, since the contract here in question did not pretend to, and could not validly, release damages for prospective personal injury, and since the Act of 1897 did not expressly authorize minors to execute a release of damages at any time, even after an accident, the release depended upon in the present case could not prevail.

The conclusion of the court below practically deprives the Act of 1897, supra, of its real purpose, which is to give legal capacity to minors, over eighteen years of age, to make contracts required of them in becoming members of fraternal and beneficial societies; in other words, the plain intent of the act is to put such minors on a par with adults in respect to the class of contracts therein contemplated.

Long prior to the date of the statute under consideration, we had passed upon the effect of contracts such as the one we are now dealing with, and held that there was nothing illegal or against public policy either in their terms or operation; moreover, we had especially sustained the validity of the provision as to the accept-

ance of benefits releasing damages, and determined, when in any suit it was shown that such benefits had been paid to and accepted by an injured plaintiff, the defendant would be entitled to binding instructions in its favor (see Johnson v. P. & R. R. R. Co., 163 Pa. 127; Ringle v. Penna. R. R. Co., 164 Pa. 529), all of which matters of law we must assume were known to the legislature when it passed the enabling Act of 1897, supra.

Counsel for plaintiff admits that the contracts in the Johnson and Ringle cases, supra, were practically "identical in form" with the one before us; and, in fact, so far as the authorities show, this form seems to be a standard one used by all such beneficial associations, the validity thereof having been upheld in numerous jurisdictions: see 26 Cyc. 1096. All the cases seem to go on the same theory, that "it is not the signing of the contract but the acceptance of benefits after the accident which constitutes the release": 26 Cyc. 1097; Pennsylvania cases already cited; Reese v. Pa. R. R. Co., 229 Pa. 340, 343; Hogarty v. P. & R. R. R. Co., 255 Pa. 236, 245. Why does the acceptance of such benefits constitute a release? Because, and only because, the contract which one must sign in order to become a member of a railroad beneficial association (and which the legislature of Pennsylvania, by the Act of 1897, supra, gave the present plaintiff legal capacity to execute and become bound by) so provides. In other words, if it were not that the contract of membership expressly stipulates the acceptance of benefits, after an accident, shall operate as a release of the company's liability for damages, such acceptance would not have that effect; hence, since it was necessary for the plaintiff to sign the contract in order to become a member of the defendant's relief association, he is bound by its terms to the same extent as the adult members of that organization, and the court below erred in deciding otherwise.

In cases of personal injury arising through negligence, the Workmen's Compensation Act of June 2, 1915, P. L.

736, by Sec. 204, Art. II, provides that, contracts to the contrary notwithstanding, the receipt of benefits from relief associations shall not bar recovery of damages by action at law. Of course, such a provision can be sustained only as an exercise by the legislature of its right to declare the public policy of the State, and, in the present instance, it constitutes a pronouncement of public policy upon the subject in hand different from that previously announced in our cases; but, as stated by us in Enders v. Enders, 164 Pa. 266, 271 (speaking of the validity of a contract), "Public policy, in the administration of the law by the courts, is essentially different from what may be public policy in the view of the legislature,"—with the latter it may be, and often is, "nothing more than expediency"; but with the former, it must, and may only, be a reliance upon "consistency with sound policy and good morals as to the consideration or thing to be done."

The Act of 1915, supra, which applies only to accidents happening after January 1, 1916, materially altered the substantive rules of law applicable to cases of personal injuries arising through negligence, since the statute largely abolished the defense of contributory negligence and entirely struck down the defenses of assumption of risk and negligence of a fellow-employee (Sec. 201, Art. II, P. L. 737); these material changes called for a new statement of public policy applicable to the novel conditions thus created, and, no doubt, the recent legislative declaration is attributable thereto. Such being the inducing reasons for the pronouncement of 1915, the latter cannot upon any justifiable theory be made to affect cases arising under the old law.

In the Johnson and Ringle cases, supra, we sustained the validity of contracts such as the one now before us, upon the express grounds, inter alia, that they insured benefits to injured employees, not only in instances where recovery could be had at law, but in a "wider field" where there was no liability, i. e., in cases of con-

tributory negligence, assumption of risk, and negligence on the part of fellow employees. Under the law as it then stood, we felt, and said, that the working out of these contracts was not inconsistent with sound policy or good morals; since then, however, taking into consideration the changes in the law made by the Act of 1915, supra, the legislature has, in effect, declared that it is inexpedient and against public policy to enforce these contracts, so far as they stipulate for a release from damages by the acceptance of benefits thereunder, and that all such releases "shall be void"; but, as previously suggested, this declaration has no applicability to the present case, which arose under and was subject to the old law, before it was so radically changed by the Act of 1915, supra.

On its facts, the case at bar is a hard one, and the writer cannot refrain from expressing regret that this court is forced to enter the order about to be made; but we must administer the law as we find it, and thereunder plaintiff had no legal right to recover the damages which the jury awarded him; on the contrary, binding instructions should have been given for defendant.

The second assignment of error, which complains of the refusal to enter judgment non obstante veredicto, is sustained; the judgment is reversed and here entered for defendant.