MacLEAN v. HARP.

Contempt—Jurisdiction—Statutes—Stipulation.

Contempt proceedings for enforcement of decree to abate a nuisance are solely within jurisdiction of circuit court "within and for" county having jurisdiction of main case as a matter of right under 3 Comp. Laws 1929, § 13941, and may be heard only in that county although by stipulation a motion or petition may be heard outside of jurisdiction of county by visiting judge who heard main case while acting in county.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted October 17, 1933. (Calendar No. 37,345.) Decided December 5, 1933.

Suit by Gertrude MacLean and others against Lee Harp, doing business as Harp Brothers, to abate a nuisance. Decree for plaintiffs. Defendant reviews order to show cause why he should not be adjudged guilty of contempt by appeal in the nature of mandamus. Order dismissed without prejudice.

*John R. Zeigler,* for plaintiffs.

*Leon Dreifuss,* for defendant.

Butzel, J. An action, begun by Gertrude MacLean and Eliza Fitzgerald, as plaintiffs, against Lee Harp, doing business as Harp Brothers, as defendant, in the circuit court for the county of Wayne in chancery, was assigned for hearing to Hon. George W. Sample, circuit judge of Washtenaw county, sitting in Detroit as a visiting judge in Wayne circuit court. He rendered a decree for plaintiffs and ordered defendant to abate a nuisance immediately. Upon the alleged failure of defendant to comply with the order, plaintiffs instituted contempt proceedings.

The first proceeding is not shown in detail by the record. In the brief filed by plaintiffs, it is claimed that they first brought proceedings in the Wayne circuit court. Inasmuch as Judge Sample was no longer sitting in the Wayne circuit, their petition was assigned to Judge Lester Moll of the Wayne circuit. Defendant claimed Judge Sample should hear the petition in accordance with section b of Wayne circuit court Rule No. 5, which is as follows:

"Whenever a case or interlocutory matter is assigned to a particular judge for hearing, trial, or

other disposition, that judge shall have and retain the exclusive right to hear and dispose of such matter," etc.

The proceedings were dismissed.

Plaintiffs then began contempt proceedings before the Hon. George W. Sample, who issued an order to show cause, returnable at Ann Arbor, the county seat of Washtenaw county, Michigan. Defendant objected to the jurisdiction of the court. He appeals from the order finding him guilty of contempt and claims that Judge Sample had no right to hear the petition except in Wayne county.

The contempt citation was issued for failure to obey the order of the Wayne circuit court, and the proceedings should have been brought in that jurisdiction. Under 3 Comp. Laws 1929, § 13941, the "circuit courts, within and for the respective counties, shall have and exercise original and exclusive jurisdiction." By stipulation and for the convenience of counsel, a motion or petition may, at times, be heard outside of the jurisdiction of the county by a judge who heard the main case while acting in such county. This is by virtue of stipulation and not by right. It was proper to bring the motion before Judge Sample, if and when acting in the Wayne circuit court. On application and a showing, however, that he would not sit in the Wayne circuit court, nor be able to hear the petition within a reasonable time, the presiding judge should assign the hearing to a judge sitting in the Wayne circuit court.

The order of contempt is herewith set aside with costs to defendant, but without prejudice to the right of plaintiffs to bring proper proceedings in Wayne county.

WEADOCK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. McDONALD, C. J., did not sit.