## SHIRLEY v. OREGON LUMBER CO.
### No. 13063.

District Court, D. Oregon.
Oct. 25, 1939.

342

Wm. P. Lord, of Portland, Or., for plaintiff.

John F. Reilly (of Wilson & Reilly), of Portland, Or., for defendant.

## McCOLLOCH, District Judge.

This trial was held without a jury to determine whether there was fraud "in the consideration" of the release.[1]

Plaintiff was badly injured in a logging accident on April 11, 1934. He sustained a severe pelvic fracture and a ruptured urethra. The fracture has healed, but the stricture, caused by the scar tissue, following the repair of the ruptured urethra, will permanently call for attention at intervals. In 1938 a further major operation was necessary on account of the damage to the urethra, and such may become again necessary.

Plaintiff's hospital and surgical expenses following the accident, were paid by the National Hospital Association, and compensation at the rate payable by the State was paid by defendant's insurer, Pacific Indemnity Company, until March, 1935, totaling $689.78. In March, 1935, acting on the advice of defendant's medical consultant, Dr. Eugene Rockey, defendant's insurer settled with plaintiff in full, paying him the sum of $1,800. Dr. Rockey was, at the time, also chief medical consultant for the Oregon State Industrial Accident Commission, and it was his opinion that plaintiff had a permanent partial disability equal to 75% of the loss of one leg. This, under the Oregon Statute and regulations, would have entitled plaintiff, had he been a State case, to a final settlement of $1,650.

■ I find the utmost good faith on the part of defendant's insurers in making the final settlement with plaintiff, and I do not feel that there was fraud in the taking of the first release, which was given at the hospital the day after plaintiff's operation, although I share defendant counsel's feeling that this was too brief a time after the serious shock of the accident and surgery to be asking plaintiff to elect between his right to sue or to take compensation. The later release, given nearly a year later, when plaintiff was in full possession of his mental faculties, amounted, it seems to me, to a ratification of the earlier release, and eliminates from the case all legal doubts as to the earlier release.

■■ I am unable to accept plaintiff's view that the form of compensation insurance involved here is against public policy, and therefore void. When Oregon's Compensation Act was enacted in 1913, Laws Or.1913, c. 112, the legislature had the choice of (1) a compulsory act, (2) an act similar to the California law, whereby insurance is permitted under the act, or (3) the State fund plan, contributed to jointly by employer and employees with options to employer and employee in every case as to coming under the act. The latter plan was adopted, and has never been changed. An employer may reject the Act, as here, because the Act says he can do so, and I know of no reason why, having availed himself of the privilege of rejection, the employer cannot carry insurance providing for compensation benefits to the employer's injured men on the same basis as an award by the State. After an injury, acceptance of the benefits of this type of insurance is optional with the injured employee, and where he elects to accept the benefits of insurance, as here, the only question, it seems to me, is whether that election was freely and understandingly made. That it was so made in this case I have no doubt.

---

[1] In Hollingsworth v. General Petroleum Corporation of California, D.C., 26 F.Supp. 917, it was held that fraud "in the consideration" was properly triable without a jury.