Argued September 15, affirmed October 5, 1955

# ALEXANDER *v.* GLADDEN
## 288 P. 2d 219

*Steve Anderson,* Salem, argued the cause and filed a brief for appellant.

*Wolf D. von Otterstedt,* Assistant Attorney General for Oregon argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General for Oregon.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN, LUSK, BRAND and LATOURETTE, Justices.

BRAND, J.

The plaintiff, Bernard L. Alexander, filed in the Circuit Court for Marion County a petition for a writ of habeas corpus. The writ, directed to Clarence T. Gladden, Warden of the Oregon State Penitentiary, was issued forthwith and the defendant Gladden filed a return thereto. Demurrers were sustained to the amended traverse and to the second amended traverse. The plaintiff waived time to plead over. The writ

was dismissed and the plaintiff was remanded to the custody of the warden. Plaintiff appeals.

■ The petition for the writ was properly omitted from the abstract. The return of the warden was improperly omitted, but was supplied by the supplemental abstract filed by the defendant. The issues are made up by the return, the traverse thereto and the demurrer to the traverse. *Huffman v. Alexander,* 197 Or 283, 290, 251 P2d 87, 253 P2d 289. The return of the warden sets forth that he has the plaintiff in custody pursuant to a judgment in the Circuit Court of Jefferson County dated 29 January 1953. The journal entry of the judgment was incorporated in the writ. It reads as follows:

"Now on this the 29th day of January, 1953, the defendant, Bernard L. Alexander, appeared in open Court in the court house in Bend, Deschutes County, Oregon, in the custody of the Sheriff of Deschutes County, also Present were Honorable Ralph S. Hamilton, Circuit Judge, Charles E. Boardman, attorney for defendant, and E. D. Harris, District Attorney of Jefferson County, Oregon.

"Whereupon, it appearing to the Court that upon the 13th day of January, 1953, the defendant Bernard L. Alexander had entered a plea of not guilty to an indictment (returned by the Grand Jury of Jefferson County, Oregon on the 5 day of January, 1953) charging the defendant with burglary of a dwelling house.

"And Now on this the 29th day of January, 1953, Mr. Charles E. Boardman, attorney for defendant, stated in open Court that it was the desire of the defendant that he be permitted to change his plea from not guilty to guilty as charged in said indictment. The defendant and his counsel also requested in open Court that said defendant be permitted to enter said plea of guilty forthwith in Bend, Deschutes County, Oregon, rather than in Madras, Jefferson County, Oregon.

"Thereupon the Court being fully advised in the premises asked the defendant if he were ready to enter his plea to said indictment. And fully advised, the defendant concerning all of his rights herein. Defendant then waived time within which to plead and entered his plea of guilty as charged.

"The Court further explained that defendant was entitled to delay before being sentenced upon his plea of guilty. Defendant stated that he desired to have sentence imposed at once and the matter disposed of. Before pronouncing sentence the Court heard the District Attorney's statement as to the facts involved in the charge set forth in the indictment and other facts concerning defendant's previous conduct and record. Mr. Boardman attorney for defendant, made a statement and the defendant made a statement in his own behalf.

"Upon being fully advised concerning the facts and circumstances herein the Court gave the defendant a final opportunity to state any reason he might have as to why sentence should not now be imposed upon him. The defendant had nothing further to say and requested the Court to pass sentence upon him forthwith.

"NOW, THEREFORE, IT IS ORDERED AND ADJUDGED: That the defendant, Bernard L. Alexander, be confined in the Penitentiary of the State of Oregon at Salem, Oregon, for a period of not exceeding five (5) years. The defendant was remanded to the custody of the Sheriff of Jefferson County, Oregon for delivery to the Warden of the State Penitentiary at Salem, Oregon."

The judgment was signed by The Honorable Ralph S. Hamilton, Circuit Judge. The record shows that plaintiff was indicted in Jefferson County. The defendant in his return alleges and the plaintiff admits that the imprisonment has not expired or been terminated in any way. Plaintiff in his traverse affirmatively alleges:

## "IV.

"That the restraint and imprisonment of petitioner is not by any judgment of a court of competent jurisdiction (as will be more specifically alleged hereinafter), or body having authority in the premises, nor by an order accusing the petitioner of contempt of court officer or other tribunal.

## "V.

"That as shown by the Order attached to respondent's Writ, petitioner was charged with a crime in Jefferson County, Oregon; that as further shown by said Order, he thereafter appeared before the Circuit Court in Bend, Deschutes County, Oregon; that no Information or Indictment had been filed against petitioner in Deschutes County; that no Motion for change of venue had been filed asking for a transfer of the case from Jefferson County to Deschutes County; that no written request of the accused and his attorney, with one day's notice to the District Attorney, had been made to the Circuit Judge in Deschutes County; (as required by O.R.S. 135.840) that no proceedings whatsoever had been instituted whereby the Circuit Court in Deschutes County could acquire jurisdiction to hear a plea from petitioner; that nonetheless, the Circuit Court of Deschutes County, though without jurisdiction by virtue of the foregoing, wrongfully and illegally accepted a plea of guilty from petitioner and entered the Order of July 23, 1953 upon which respondent relies in his restraint of petitioner; that no constitutional or statutory authority or power existed at such time, allowing such procedure, and by virtue thereof the Order sentencing petitioner to the Oregon State Penitentiary was void and invalid, and as a result thereof, petitioner was denied his constitutional rights and guaranties of due process of law and the further constitutional rights and guaranty of Article I, Sec. 2, Oregon State Constitution; that as a result of the premises, petitioner is now unlawfully held by the respondent in the Oregon State Penitentiary."

We are at a loss to understand the plaintiff's reference to the Order of July 23, 1953. In truth, the Judgment Order on which the warden relies was dated January 29, 1953. In short, the record shows (1) indictment in Jefferson County for burglary committed in that county; (2) order increasing bail and for the arrest of Alexander made in Jefferson County and signed by Judge Hamilton; (3) arraignment in Jefferson County and plea of "not guilty"; (4) appearance of Alexander in person and by his attorney in Bend, Deschutes County, before Judge Hamilton, at which time he prayed for leave to withdraw his plea of "not guilty" and to plead guilty and be sentenced in Deschutes County; (5) entry of plea of guilty in Deschutes County; (6) sentence to penitentiary by Judge Hamilton in Deschutes County; (7) entry of said judgment in Jefferson County.

◼ We take judicial notice that the 18th Judicial District comprises two counties, Deschutes and Jefferson, and that Judge Hamilton is the only regular judge in that district and sits in both counties. The highly technical contention of the plaintiff is based upon the provision of ORS 135.840(2):

"(1) Except as provided in subsection (2) of this section, a plea of guilty shall in all cases be put in by the defendant in person in open court unless upon an indictment against a corporation, in which case it may be put in by counsel.

"(2) Any circuit judge may, within any county in his own district other than the county where the accusation is pending, accept pleas of guilty from persons charged with felonies and pass sentence thereon upon written request of the accused and his attorney and upon not less than one day's notice to the district attorney. All orders entering such pleas and such sentences shall be as effective as though heard and determined in open court in the

county where the accusation is pending and shall be transmitted by the judge to the clerk of the court in the county where the accusation is pending, whereupon the same shall be filed and entered and become effective from the date of filing thereof." ORS 135.840.

Plaintiff contends that the judgment on the plea of guilty pronounced in Deschutes County was not only erroneous, but was void, because the request, though made in open court by the accused and by his attorney, was not in writing, and was made without one day's notice to the District Attorney of Jefferson County. This, he argues, in spite of the fact that judgment on plea of guilty was rendered in Deschutes County before the very same judge who would have heard the case if it had been presented in Jefferson County in the same district and although the District Attorney of Jefferson County was present in court at Bend, Deschutes County, at the time of the sentence. Plaintiff also contends that he was deprived of his constitutional right to trial in the county in which the offense was committed, as provided by Oregon Constitution, Article I, § 11.

We will first take up the constitutional issue and will then consider the effect of the statute.

■ The word "trial" has been used to identify various steps in the judicial process, its meaning being dependent on the statutory context. The word appears in the constitutional guaranty of "public trial by an impartial jury in the county in which the offense shall have been committed." Oregon Constitution, Article I, § 11. If we are to assume that the act of a court in receiving a plea of guilty and pronouncing sentence constitutes a "trial", nevertheless it is clear that the right to require that such a limited form of trial be held in the county where the offense was committed

may be waived by the defendant if the waiver be understandingly made after assistance and advice of counsel. The situation here is analogous though not identical to cases of change of venue.

> "Persons procuring or consenting to a change cannot object to the jurisdiction of the new court; and, where accused applies for a change of venue from one county to another in the same judicial district, or from one judicial district to another, he waives the constitutional right to be tried in the county or district where the offense is alleged to have been committed; * * *." 22 CJS 349, Criminal Law, § 222.

Supporting the text, the following cases are cited in the notes: *Kennison v. State,* 83 Neb 391, 119 SW 768; *Brown v. State,* 219 Ind 251, 37 NE2d 73, 137 ALR 679; *Watts v. State,* 229 Ind 80, 95 NE2d 570; *Mahaffey v. Hudspeth,* CCA Kan, 128 F2d 940; *State ex rel. Ricco v. Biggs,* 198 Or 413, 255 P2d 1055; *State v. Balles,* 24 NM 16, 172 P 196; *Lockhart v. Smith, Sheriff,* 241 Iowa 970, 43 NW2d 541; and see, Annotations, 137 ALR 686.

■ The plaintiff relies upon an opinion of a former attorney general of this state in support of his contention that Judge Hamilton sitting in Deschutes County was without jurisdiction to receive the plea of guilty or to sentence the plaintiff there. We give earnest consideration to opinions of the attorney general, but we are not bound by them, especially when the present attorney general expresses views contrary to those expressed by his predecessor. Such is the case here. We will consider the opinion cited by the plaintiff.

In November, 1946, the Attorney General, by his assistant, wrote the District Attorney of Grant County, in part, as follows:

> "Dear Sir: Under date of November 21, 1946, you request my opinion as to whether or not a de-

fendant under indictment may be taken before the circuit judge in a county within the court's district other than the one in which the indictment was returned, for arraignment and plea.''

It will be observed that the question presented was whether a defendant ''may be taken'' before the circuit judge in another county. The question submitted did not involve any issue concerning the possibility of waiver of rights by the accused himself. The Attorney General first quoted from 14 Am Jur, Courts, § 163, p 366, where the general proposition is stated that ''all questions concerning jurisdiction of a court'' must be determined by the constitution, and that a court has no jurisdiction unless authority to perform the contemplated act can be found in the constitution or laws enacted thereunder. The text recognizes certain inherent powers belonging to all courts as exceptions to the rule. The text gave no consideration to the efficacy of waiver and it cannot have been intended to hold that there can be no waiver of rights by a defendant charged with crime. The same treatise has this to say:

''* * * In fact, the trend of modern authority is in favor of the doctrine that a party in a criminal case may waive irregularities and rights, whether constitutional or statutory, very much the same as in a civil case. * * *'' Citing cases. 14 Am Jur 848, Criminal Law, § 119. And see, *State v. Henderson,* 182 Or 147, 184 P2d 392, 186 P2d 519.

The Attorney General next cited Oregon Constitution, Article I, § 11, concerning the right to trial in the county where the offense was committed. We have already seen that this right may be waived. After citing OCLA, § 26-801, which is irrelevant to the issue, he stated that a defendant can not ''waive the jurisdiction of the court'', apparently meaning that he can

not ever validly consent to be sentenced in another county. In attempted support he cites *State v. Watson,* 50 Or 142, on which plaintiff here also relies. The Attorney General and the plaintiff were probably referring to *State v. Walton,* 50 Or 142, 91 P 490. In that case the defendant was tried without making any plea and without being required to do so. It was held under the statute that such a plea must be entered and that the fact of the plea must affirmatively appear in the record of the trial. The conviction was reversed.

In the Walton case this court placed strong reliance upon *Crain v. United States,* 162 US 625, 40 L ed 1097, which did in fact support the strict rule announced in *State v. Walton.* However, *Crain v. United States* was expressly overruled by the later case of *Garland v. Washington,* 232 US 642, 58 L ed 772. In the Garland case the defendant was tried and convicted upon an information. Thereafter the Washington court set aside the judgment and ordered a new trial. The original information was abandoned and a new information was filed. No arraignment or plea was had upon the second information. The defendant was put to trial upon the information in all respects as though he had entered a formal plea of not guilty. He was found guilty of grand larceny. The conviction was affirmed by the State Supreme Court. *State v. Garland,* 65 Wash 666, 118 P 907. The defendant appealed to the Supreme Court of the United States (*Garland v. Washington,* 232 US 642, 58 L ed 772). That court said:

"* * * it cannot for a moment be maintained that the want of formal arraignment deprived the accused of any substantial right, or in any wise changed the course of trial to his disadvantage. All requirements of due process of law in criminal trials

in a state, as laid down in the repeated decisions of this court, were fully met by the proceedings had against the accused in the trial court. The objection was merely a formal one, was not included in the general language in which the objection to the introduction of evidence was interposed before the trial, and was evidently reserved with a view to the use which is now made of it, in an attempt to gain a new trial for want of compliance with what in this case could have been no more than a mere formality.''

The court went on to quote with approval from the dissent in the Crain case, as follows:

'' 'Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to have waived that which, under the circumstances, would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court.''

The court then said:

''Holding this view, notwithstanding our reluctance to overrule former decisions of this court, we now are constrained to hold that the technical enforcement of formal rights in criminal procedure sustained in the Crain Case is no longer required in the prosecution of offenses under present systems of law, and so far as that case is not in accord with the views herein expressed, it is necessarily overruled.''

This decision of the highest court was rendered in 1914, seven years after the decision of *Crain v. United States,* and 32 years before the Oregon Attorney General rendered his opinion. Although the Attorney General relied on *State v. Walton,* supra, which followed the rule of *Crain v. United States,* he made no reference to *Garland v. Washington,* supra, nor did he mention *State v. Harvey,* 117 Or 466, 242 P 440, where both the Crain case and the Garland case were discussed and where the later of the two cases was quoted with approval.

In *State v. Harvey,* supra, the record failed to show affirmatively that the defendant pleaded to the charge. The Oregon court quoted with approval from the Garland case and cited many cases holding that arraignment and plea may be waived. We said:

"* * * this court has held that a defendant in a criminal case, although charged with the commission of a felony, may waive his constitutional rights, and that his failure to exercise such rights is deemed a waiver. * * *" 117 Or 466 at 476.

In *State v. Henderson,* 182 Or 147, 199, 184 P2d 392, 186 P2d 519, this court quoted with approval the following from *State v. Harvey*:

" 'A defendant accused and tried for the commission of a felony has the absolute right to a trial by jury, which means a body of twelve competent jurors. However, this court has held that a defendant in a criminal case, although charged with the commission of a felony, may waive his constitutional rights, and that his failure to exercise such rights is deemed a waiver. See State v. McDonald, 8 Or. 113, a case of larceny; State v. Powers, 10 Or. 145 (45 Am.Rep. 138), a case of homicide, wherein the defendant was convicted of murder in the first degree.' "

If a defendant, having a constitutional right to be tried in the vicinage can waive any arraignment, and, by reason of waiver be lawfully tried without arraignment or plea, it would seem that he could also waive any right to have the arraignment made and plea received in the county where the charge is filed, and could consent that those steps be taken in open court in another county of the district. And if he could consent to the jurisdiction of the court to receive his plea in such other county, he could equally well consent to the pronouncement of sentence there.

The Attorney General relied upon *State v. Cartwright,* 10 Or 193 (cited by plaintiff here), where it was held that the presence of the defendant, when tried for a felony, can not be waived, which is an entirely different question from the one before us. In the Cartwright case the court relied on *Hopt v. Utah,* 110 US 574, also cited by the plaintiff in the pending case. *Hopt .v. Utah* was decided under a state statute expressly providing that "the defendant must be personally present at the trial." The court held that it was not within the power of the accused or his counsel to dispense with the statutory requirement as to his personal presence at the trial. The court held, in substance, that the state was interested in the maintenance of public trial and the right to public trial was not a mere privilege of the defendant. The Hopt case also deals with a problem entirely different from the one presented here.

The opinion of the Attorney General directed attention to *Duggan v. Olson, Warden,* 146 Neb 248, 19 NW2d 353, and the companion case of *Duggan v. O'Grady,* 114 F2d 561, both of which are relied upon by the present plaintiff. In the federal case, Duggan applied for a writ of habeas corpus, claiming that his detention

was unlawful since the information was filed against him in Perkins County and he was sentenced on plea of guilty by the District Judge sitting in Red Willow County, Nebraska, no change of venue having been applied for. It appeared that the defendant had voluntarily entered his plea in Red Willow County. It was held there was no deprivation of due process of law or of any substantial right. *Duggan v. Olson,* supra, arose under a statute similar to ORS 135.840. It held that a judge of a district court sitting in chambers within his judicial district could upon written request by the accused receive a plea of guilty and pass sentence thereon, although the information had been filed in Perkins County and the sentence was pronounced in Red Willow County. Construing the statute, the court said that there was no transfer of the case to the District Court for Red Willow County. It remained in the District Court of Perkins County where the record was to be filed. We find that the former Attorney General was correct to this extent; in the absence of a waiver by the accused of his rights the plea of guilty should be received and the sentence imposed in the county in which the criminal offense was committed, but he fell into error when he intimated that the rule requiring the personal presence of the defendant in a felony case at the time and place of sentence was decisive of the question presented to him. In the case at bar the accused was personally present in open court at the time and place of sentence. The question was not whether he could waive his personal presence but whether he could waive his right to have the proceedings at which he was present conducted in a certain county of the district.

■ A defendant waives his constitutional right to be

tried by a jury in the county wherein the crime was committed when he moves for a change of venue. This being true, how can we say that he can not waive a lesser right—one which does not involve any change of venue, *(Duggan v. Olson, Warden,* supra) or any trial by a different jury, but involves only a consent that the proceedings by and before the same officials may be had in another county of the district.

In *MacLean et al. v. Harp,* 265 Mich 172, 251 NW 358, the plaintiffs commenced an action in Wayne County before Judge Sample, a circuit judge of Washtenaw County. The court entered a decree in Wayne County, and upon violation thereof by the defendants, plaintiffs began contempt proceedings before the same judge at the county seat of Washtenaw County. The court held that under the statute the proceedings should have been brought in Wayne County, but it added:

"* * * By stipulation and for the convenience of counsel, a motion or petition may, at times, be heard outside of the jurisdiction of the county by a judge who heard the main case while acting in such county. This is by virtue of stipulation and not by right. * * *"

In *Gross' Adm'x v. Couch,* 292 Ky 304, 166 SW2d 879, it was held that the parties might agree that a judge might make an order or sign a judgment elsewhere than in the judicial district.

In *Jeffreys v. Jeffreys,* 213 NC 531, 197 SE 8, it was held that a judge of the Superior Court has no authority to hear a cause or make an order substantially affecting the rights of the parties outside of the county in which the action is pending *except by consent.* See also, *State ex rel. Lea v. Brown,* 166 Tenn 669, 64 SW2d 841.

In *Atlantic Nat. Bank v. Peregoy-Jenkins Co.,* 147 NC 293, 61 SE 68, it was held that:

> "The consent of the parties to a suit to the making of an order outside the county in which the suit is pending, by a judge of the superior court not authorized to make such an order, to render the order valid, must appear of record." Headnote 4.

In *Godwin v. Monds,* 101 NC 354, 7 SE 793, the court said:

> "There is no statutory provision that confers upon a judge authority to hear and determine upon its merits a motion to set aside a judgment in an action pending in the superior court elsewhere than in the county in whose court that action is pending, and this cannot be done in the ordinary course of procedure. McNeill v. Hodges, 99 N.C. 248, 6 S.E. Rep. 127. The parties to the action might, by common consent, allow it to be done, but such consent should certainly appear in a writing signed by the parties or their counsel, or the judge should recite the fact of consent in the order or judgment he directs to be entered of record, which is the better way, or such consent should appear by fair implication from what appears in the record. * * * "

The brief of the plaintiff herein is substantially a repetition of the opinion of the former Attorney General. It leaves us unconvinced except to the extent indicated above.

■ Assuming that the receipt of a plea and the pronouncement of sentence constituted a "trial" within the meaning of Oregon Constitution, Article I, § 11, we hold that in view of the express request and waiver by the accused, no constitutional right of the accused was violated when he was sentenced in Deschutes County.

■ In this connection we have considered the provisions of ORS 3.070, et seq., as tending to show a legis-

lative intent that a court may acquire jurisdiction by consent in cases of this kind. The provisions to which reference is made are found in the chapter concerning circuit courts generally. They are not strictly a part of either the civil or criminal code. Among the broad powers conferred we find a provision that "upon stipulation of counsel, he (the judge) may try and determine any issue in equity or in law where a jury has been waived * * * at any place within the state * * *." We think the statute amounts to a legislative recognition that rights of litigants, whether constitutional or statutory, may be waived so far as those rights pertain to judicial proceedings outside of the county where the case is pending.

■■ Having disposed of any claim based on the Constitution, we pass to an examination of the provisions of the statute ORS 135.840. That section was enacted at the suggestion of the former Attorney General, contained in the opinion which we have considered. As concerns the right of a court, pursuant to stipulation and waiver, to receive a plea and impose sentence in a county other than the one where the charge was filed, we hold that the statute was a confirmation, not a grant of power, and the enactment was unnecessary. Since we hold that even without any statute the court could have received the plea and imposed sentence in Deschutes County when the accused advisedly requested such action, the question arises as to the purpose and effect of the statutory provision which required that the request be in writing with one day's notice thereof to the District Attorney. If those provisions were for the benefit of the accused, he could and did waive them. But obviously they were not for his benefit. They were inserted for the benefit of the prosecution. The apparent purpose of the requirement

for written notice was to protect the state against surprise. In order to forestall fraudulent efforts by habeas corpus or otherwise to upset criminal convictions, the state was entitled to have the request signed by the accused and made a matter of record. It would violate every principle of justice and fair play if an accused person could slip into court in a county other than the one where the charge is pending, and, at his own request alone, change his plea to guilty and receive sentence without any advance notice to the court or clerk; without the files in the case, and without notifying the district attorney having the case in charge. The accused should not be entitled to throw himself on the mercy of the court without giving an opportunity to the prosecution to make a statement. Again the prosecutor had a right, if deemed proper, to present evidence in aggravation of sentence under the provisions of ORS 137.080. These provisions being for the benefit of the prosecution, could in our opinion, be waived by it. They were not intended to deprive the court of jurisdiction which it could exercise by consent in the absence of statute. The requirements for a written request and notice were proper but not jurisdictional.

It would be little short of ridiculous to hold that the sentence of the court, rendered in Deschutes County, was void because no written one day notice had been given to the District Attorney of Jefferson County when in fact he was present in the court room in Deschutes County and was participating in the proceedings looking to the sentencing of the accused. If for any reason he was without the files in the case, or if he desired to present evidence in aggravation of punishment, or was unprepared, he could insist upon his right to a one day notice. If on the contrary, the District

Attorney was fully prepared, we see no reason why he could not waive the formalities imposed for his protection, if the accused should also waive his right to time after the plea and before sentence under ORS 137.020. In the case at bar the recitals of the judgment show the meticulous care of the court in informing the accused of his rights. The defendant and his counsel both requested the court to permit the accused to withdraw his former plea and plead guilty. The recitals in the judgment concerning the events occurring in open court import absolute verity. *Huffman v. Alexander,* supra, 197 Or 283, 317, 251 P2d 87, 253 P2d 289. See also, *Neal v. Haight,* 187 Or 13, 206 P2d 1197. It is therefore conclusively established that the accused acted with aid of counsel and was fully advised of his rights. He waived his constitutional right (if any) to be sentenced in Jefferson County and the District Attorney by necessary implication must be deemed to have waived the writing and one day notice.

■ We would also observe that ORS 135.840(2) by its terms applies only to cases of persons charged with felony. Surely it was not intended to exclude misdemeanants from the right to be sentenced at their own request in a county of the district other than that in which the charge was filed. We think the absence of any provision for so sentencing misdemeanants when they request it was because the power of an accused person to confer jurisdiction of the person *by his consent* was assumed even in absence of statute.

It would require a stretch of the judicial imagination to believe that defendant suffered any prejudice from the action of the court which he himself requested. We quote the statute:

"No departure from the form or mode prescribed by law, error or mistake in any pleadings

or proceedings renders them invalid, unless it has actually prejudiced the defendant, or tends to his prejudice in respect to a substantial right." ORS 131.030.

The defendant was sentenced on 29 January 1953. If there had been any merit to his present claims they were equally meritorious and available at the time of sentence. By appeal he could have raised the questions which are belatedly presented here. We have preferred to consider the case on its merits but have not overlooked the rule set forth in *Macomber v. State et al.*, 181 Or 208, 218, 180 P2d 793, where it was said:

"Following its entry, the judgment of October 23, 1939, could have been challenged by an appeal, and everything now said against it could have then been urged. Normally, the extraordinary remedy of habeas corpus is not available to those who neglected to appeal; * * *."

See also, *Ex parte Foster*, 69 Or 319, 322, 138 P 849; *Claypool v. McCauley et al.*, 131 Or 371, 375, 283 P 751; *Huffman v. Alexander*, supra, 197 Or 283, 331, 251 P2d 87, 253 P2d 289; *Rust v. Pratt*, 157 Or 505, 72 P2d 533.

The argument of the plaintiff makes no claim that he was overreached or misled. He does not even intimate that the recitals in the judgment were untrue or that he has suffered any prejudice by reason of the court's action. His complaint is that formalities were omitted at his request which if carried out would have been of no benefit to him.

The judgment of the trial court is affirmed. Plaintiff, if not now in custody of the warden, should be remanded thereto.