**Roger LOWE, Plaintiff,**

v.

**SOCONY MOBIL OIL COMPANY, Inc., a New York corporation, Defendant.**

**Civ. No. 63–55.**

United States District Court
D. Oregon.

Oct. 17, 1963.

Philip A. Levin, of Pozzi, Levin & Wilson, Portland, Or., for plaintiff.

Charles D. Dolph, Portland, Or., for defendant.

KILKENNY, District Judge.

Plaintiff was employed by the defendant in the State of Oregon, and while so employed, claims that he was injured as a result of defendant's negligence, for which injuries he demands a substantial amount.

Defendant challenges the right of plaintiff to prosecute this action, either at common law or under the statutory law of the State of Oregon, by reason of plaintiff executing, as part of his contract of employment, an agreement [1] which limited his right, in case of injury, to that compensation which was afforded to workmen under the Workmen's Compensation Law, as amended, of the State of Oregon.

The Workmen's Compensation Act of that state gives the employer the right to reject the provisions of the Act.[2] Defendant, prior to the contract, rejected the Act. Plaintiff was employed by defendant from the date of said agreement

1. "Socony Mobil Oil Company, Inc., having rejected the provisions of the Workmen's Compensation Law as amended of the State of Oregon, now, therefore, for the purpose of making certain the conditions under which and the payments to which the undersigned shall be entitled as an employee of Socony Mobil Oil Company, Inc., in the event of his suffering injury in the course of his employment, and the payments to which his family, dependents and/or estate shall be entitled in the case of his death in the course of his employment, the undersigned and Socony Mobil Oil Company, Inc., hereby agree that the terms and conditions under which the undersigned, his dependents, his family and/or his estate may be entitled to compensation from Socony Mobil Oil Company, Inc., and the amount thereof, shall be determined, to the exclusion of all other amounts, rights, remedies, or defenses, in accordance with the provisions of the Workmen's Compensation Law, as amended, of the State of Oregon, which is hereby referred to and by reference made a part hereof.

"It is further agreed that the rulings of the Industrial Accident Commission of the State of Oregon, which have been heretofore or which may hereafter be made, are accepted by the parties as the proper construction of the provisions of said Act.

"The undersigned further agrees, on behalf of himself, and his successors, executors, or administrators, that if he receives an accidental injury in the course of his employment, or if death results from such injury, and such injury or death is due to the negligence or wrong of a third person, then and in that event Socony Mobil Oil Company, Inc., or its successors or assigns, shall have the same rights to subrogation as the Industrial Accident Commission of the State of Oregon would have under and in accordance with Oregon Revised Statutes, Sections 656.312 through 656.322, or any amendments thereto. In this connection the undersigned agrees on behalf of himself, and his successors, executors or administrators to execute all papers and documents necessary thereto.

"This agreement cancels and supersedes any and all prior agreements between the parties hereto covering the same subject matter."

2. ORS 656.024.

to the date of his alleged injury on March 27, 1962. After said injury the plaintiff received and accepted from the defendant the benefits provided for by said agreement.

The plaintiff brushes aside the agreement signed by the parties as part and parcel of the employment agreement, on the premise that a contract exempting an employer from liability for future injuries is against the public policy of the State of Oregon and, therefore, void. Having reached that conclusion he argues that a void contract binds no one, is a mere nullity, requires no disaffirmance to avoid it and cannot be validated by ratification. Booth-Kelly Lumber Co. v. Oregon & California R. Co., 98 Or. 21 at page 31, 193 P. 463 at page 466.

The plaintiff's belief in the correctness of this proposition is grounded, in the main, on some hypothetical assumptions in Johnson v. Philadelphia & R. R. R. Co., 163 Pa. 127, 29 A. 854 (1894). I find no problem in distinguishing the contract in Johnson from the agreement here in question.

There the Pennsylvania Court held valid the contract between employer and employee on the premise that the employee had two choices, one to accept the benefits accruing under the contract and the other to take his chances on recovery in the Courts. This rule, argues counsel, is the one in which he contends no mention is made of the fact that the benefits accruing under a State Workmen's Compensation Act, in lieu of remedies in the Courts, were not discussed in the Pennsylvania case. Probably, the contract involved in Johnson would now be viewed as invalid since Pennsylvania has adopted a Workmen's Compensation Act, unless the provisions of the Act, and the benefits to be derived therefrom, were incorporated in the contract. Riddell v. Pennsylvania R. Co., 262 Pa. 582, 106 A. 80, 82.

■ Furthermore, I must apply the law of Oregon, as I find it, rather than the law of Pennsylvania. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

Recognizing this rule, the plaintiff cites an opinion of the Attorney General of Oregon, 15 Ops.Att'y.Gen. 52 (1930–1932).

■ While the opinion of the Attorney General of the State of Oregon is entitled to respect, the doctrine of stare decisis does not require the Courts to follow the law expressed in such an opinion. Alexander v. Gladden, 205 Or. 375, 288 P.2d 219.

Thus far, I have assumed that the contract before the Attorney General was identical with, or substantially the same as, the contract before me. A casual inspection of the two contracts points to major dissimilarities.

An important feature of the contract under scrutiny by the Attorney General, which distinguishes it from the contract here under examination, is that the terms of the former did not incorporate the protective features and benefits of the Workmen's Compensation Law of that state. Additionally, the Attorney General did not, when rendering this opinion in 1930, have the advantage of guiding principles of law announced by the Supreme Court in Blessing v. Ocean Accident & G. Corp., infra, which case was decided in 1936.

While the Oregon Supreme Court has not passed on the precise problem, it has decided cases in which related questions have been before it and those decisions, in my opinion, forecast what the Oregon Supreme Court would say, if presented with this state of facts.

The contract in Blessing v. Ocean Accident & G. Corp., 152 Or. 632, 54 P.2d 300, is much more limited with respect to benefits than the one here in question. It was there agreed that at the time of the injury neither the employer nor the workman was subject to the Oregon Workmen's Compensation Act. Plaintiff, as the surviving widow, sought such sum as she would have been entitled to had the decedent and his employer been subject to such Act at the time of the husband's death. The agreement provided that there should be no death benefits. The Supreme Court held that this

contract was not, as contended for by the plaintiff, void as against public policy.

In Shirley v. Oregon Lumber Company, D.C., 56 F.Supp. 341 (1939), the employee argued, among other things, that the form of compensation insurance involved, was against public policy and, therefore, void. In Shirley the employer rejected the provisions of the Workmen's Compensation Act and, in lieu thereof, purchased a policy of insurance for the benefit of his employees, which policy provided benefits on the same basis as the Workmen's Compensation Act. In Shirley the workman did not sign an agreement at the time of employment, but agreed to accept the benefits provided, after the injury, rather than before. It was there held that an employer may reject the provisions of the Workmen's Compensation Act, and having so rejected the Act, he may carry insurance providing for compensation benefits to the employer's injured men on the same basis as an award by the State.

The decision in West v. Kozer, 104 Or. 94, 206 P. 542 would indicate that the Oregon Supreme Court encourages the use of the type of contract here in question. There, the Court held that a law, such as the Compensation Act, that permits an employer and an employee, with the financial assistance of the State, to contract with each other as to the measure of an employee's damages or compensation in case he should sustain injury, in no way encroaches on the constitutional jurisdiction of the Courts. The Court there indicated that it should not frown upon such agreements between the employer and the employee. They would have a tendency, in the judgment of the Court, to reduce litigation. The essence of a contract made between an employer and an employee at the time the employee enters upon his duties under an employment covered by the said Workmen's Compensation Law is practically identical with the requirements of the written contract before me. In the former, the agreed compensation is to be paid by the State, in the latter the identical compensation is to be paid by the employer. Conceding that the Supreme Court of Oregon has found no constitutional and/or other impediment to an employee limiting his remedies under the former, no logical reason can be found why an employer cannot, by agreement, provide the same type of benefits and thus limit the employee's remedies. An entirely different problem might arise if the employer did not have the statutory right to reject the provisions of the Workmen's Compensation Act.

In my opinion, the fact that the defendant carried insurance to fully cover its obligation under the contract, is of no particular significance. The fact is that the contract did not require the employer to provide such insurance. In my judgment the contract is valid and enforceable.